Youghiogheny River Coal Company, Appellant, v. Allegheny National Bank.

*Mines and mining—Coal—Surface support—Skillful and careful mining—Agreement to indemnify—Contract.*

If the owner of the whole fee in land conveys the coal in the land in general terms, retaining the residue of the tract, the purchaser acquires the

211          319
d  29 SC ¹349
---
211          319
f216        ¹201
217         ²455
---
211          319
f219        ¹403
---
211     319
226   ² 30

coal with the right to mine and remove it, provided he does so without injury to the superincumbent estate. His estate in the coal, like that of the owner of the surface, is governed by the maxim sic utere tuo ut alienum non lædas. The owner of the surface is entitled to absolute support of his land, not as an easement or right depending on a supposed grant, but as a proprietary right at common law. This right which the servient estate owes to the dominant estate does not depend upon whether the mining operations are conducted skillfully or negligently and carelessly.

Where owners of coal under land, the surface of which is owned by another, convey all of the coal to a third person, and give the grantee an obligation conditioned that they will "well and truly protect and indemnify the grantee from any liability for any damage which may result to the surface of the tracts of land overlying the coal land purchased . . . . by reason of the skillful and careful mining and taking away the said coal," the words "skillful and careful mining," are to be construed as relating to the manner of working the coal, and do not impose upon the grantee in operating the coal the duty of leaving proper and sufficient supports for the surface. If, therefore, the grantee exercises care and skill in his mining operation, he may mine and remove all the coal, and the grantors must indemnify him against any damage resulting from injury to the surface which he may be compelled to pay the surface owner.

DEAN and BROWN, JJ., dissent.

Argued Nov. 1, 1904. Appeal, No. 108, Oct. T., 1904, by plaintiff, from order of C. P. No. 2, Allegheny Co., Jan. T., 1903, No. 997, sustaining defendant's demurrer in case of The Youghiogheny River Coal Co. v. The Allegheny National Bank et al. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Assumpsit on a contract of indemnity.

Demurrer to statement.

The pleadings are fully set forth in the opinion of the Supreme Court.

The court in an opinion by SHAFER, J., sustained the demurrer.

*Error assigned* was in sustaining the demurrer.

*John O. Petty*, for appellant.—The words "skillful and careful mining " in their ordinary and primary sense mean the taking of minerals according to skillful and approved methods.

It has never been decided in this state or elsewhere that mining without surface support is not skillful and careful mining:

Lewis v. Fothergill, L. R. 5 Ch. App. 103; Buchanan v. Andrew, L. R. 2 Scotch & Div. App. Cases, 296.

Support is parcel of the reserved estate; it is of common right, and hence must pass, if at all, by express grant, and is not to be defeated by mere implication arising from language that does not import such an effect: Coleman v. Chadwick, 80 Pa. 81; Jones v. Wagner, 66 Pa. 429; Pringle v. Vesta Coal Co., 172 Pa. 438.

The right of the surface owner is declared to be, right to absolute support, and that where such right exists, it is of no consequence with what degree of skill and prudence the mine owner conducts his operations: Hill v. Pardee, 143 Pa. 98; Carlin v. Chappel, 101 Pa. 348; Matulys v. Coal & Iron Co., 201 Pa. 70.

*C. C. Dickey*, of *Shiras & Dickey*, with him *John D. Brown*, for appellees.—The question now before the court was decided in favor of the defendants in Youghiogheny River Coal Co. v. Hopkins, 198 Pa. 343.

That the clause in question is referable to the support of the surface is shown by the decisions in Noonan v. Pardee, 200 Pa. 484 and Pantall v. Rochester and Pittsburg Coal and Iron Co., 204 Pa. 158.

A suit on a bond conditioned to deliver goods, without a contract to that effect, must be in debt and not in covenant: Powell v. Clark, 2 N. J. L. 391; Huddle v. Worthington, 1 Ohio, 424.

*John O. Petty*, for appellant, in reply.—The omission of a penalty in the bond does not affect its validity. The only effect is to make the validity commensurate with the condition: Dodge v. St. John, 96 N. Y. 260; Coles v. Hulme, 8 B. & C. 568; Waynick v. Richmond, 11 Kansas, 488; Browning v. Beston, Plowden, 131.

OPINION BY MR. JUSTICE MESTREZAT, April 10, 1905:

The defendants were the owners of certain coal lands in Westmoreland county, conveyed to their predecessor in title in 1862, by the following grant: " All the main working vein of coal underlying the farm on which party of the first part

resides, situate in Sewickley township, Westmoreland county, Pennsylvania, etc. . . . With the right to take and carry away said coal with the privilege to air and drain his openings while taking out and for any other purpose that he, or his assigns, may need said openings for." After the conveyance of the coal, the owner of the land, by deed dated March 24, 1871, conveyed the tract to one, R. G. Greenawalt, with the following reservation : " The said parties of the first part reserve all of the now worked six-foot vein of stone coal. Also the right and privilege for themselves, their heirs and assigns, of digging, mining and carrying away said stone coal." In 1892, the defendants sold and conveyed said coal to the Youghiogheny River Coal Company, the plaintiff, and gave to the company an obligation, dated February 29, 1892, conditioned, inter alia, that they would " well and truly protect and indemnify said Youghiogheny River Coal Company from any liability for any damage which may result to the surface of the tracts of land overlying the coal land purchased by said coal company from said obligors and others, or to improvements thereon, by reason of the skillful and careful mining and taking away of the said coal."

Soon after the purchase of the coal land, the Youghiogheny River Coal Company took possession of it and began mining operations. Subsequently R. G. Greenawalt, the owner of the tract of land, except the coal conveyed to the coal company, brought an action against the coal company for damages, alleging that it had so carelessly, negligently and unskillfully conducted its mining operations as to cause the surface of his land to break and subside, resulting in injury to the land, the clay and upper coal vein therein and improvements thereon. The case was tried and resulted in a verdict and judgment in favor of Greenawalt. Thereupon the present action was brought by the Youghiogheny River Coal Company on the obligation of the defendants, referred to above, to recover the damages and expenses which the coal company was compelled to pay by reason of the suit brought against it by Greenawalt. The statement avers that the " Youghiogheny River Coal Company entered into possession of the same (coal) and proceeded in a careful and skillful manner, according to the usual and customary methods of mining practiced in the bituminous

coal district, to mine and remove said coal in the manner contemplated by said agreement, which mining and removal caused a subsidence of certain surface lands, owned by one Richard Greenawalt, overlying a part of the same, and by reason of such subsidence, certain springs on the surface land of said Greenawalt were injured, an upper vein of coal damaged, and certain buildings thereon cracked;" that the verdict against it in favor of Greenawalt was "recovered upon the allegation and proof that the Youghiogheny River Coal Company had not supported the surface lands of the said Greenawalt in its mining operations." The defendants demurred to the statement on the grounds that the declaration admits the lack of due care and skill in the mining performed by plaintiff and that "the admission in said declaration that there had been a recovery against the plaintiff for failing to afford support to the overlying surface is an admission that the plaintiff in this action had not used all ordinary precautions in giving proper support to said surface." The court below sustained the demurrer and the plaintiff has appealed.

In support of its appeal, the plaintiff company contends that the words "skillful and careful mining and taking away of the said coal" in the obligation or agreement on which this suit was brought, refer to the method and manner of working the coal and that failure to leave sufficient coal in place to support the overlying surface is not unskillful and careless mining. The defendants' position is that "skillful and careful mining and taking away of the said coal" as used in the obligation of the defendants, is referable to the support of the surface and that "the proper support of the surface is a part of the skillful and careful mining and taking away of said coal." It is, therefore, claimed by the defendants that the averment in the statement that the plaintiff company had failed to support the surface is an admission of lack of care and skill in mining and removing the coal under the Greenawalt surface.

There may be a horizontal division of land resulting in the ownership of the surface by one person and the ownership of the subjacent vein or seam of coal by another person. When there has been a severance of ownership of the surface and the coal, the owners of the respective estates hold them as estates in land and, of course, the title and rights of each depend upon

his conveyance. If the owner of the whole fee conveys the coal in the land in general terms, as in this case, retaining the residue of the tract, the purchaser acquires the coal with the right to mine and remove it, provided he does so without injury to the superincumbent estate. His estate in the coal, like that of the owner of the surface, is governed by the maxim sic utere tuo ut alienum non lædas. The owner of the surface is entitled to absolute support of his land, not as an easement or right depending on a supposed grant, but as a proprietary right at common law: Carlin v. Chappel, 101 Pa. 348 ; 2 Snyder on Mines, sec. 1020. Support for the superincumbent estate is of natural right and is part of the estate reserved to the owner of the surface : Coleman v. Chadwick, 80 Pa. 81. And this right which the servient estate owes to the dominant estate does not depend upon whether the mining operations are conducted skillfully or negligently and carelessly : Pringle v. Vesta Coal Co., 172 Pa. 438 ; Noonan v. Pardee, 200 Pa. 474. In the Pringle case it is said : " If the owner of the coal undertakes to mine and remove it,—as he has an undoubted right to do,—and damage results to the surface, either (*a*) from negligence in conducting his mining operations, or (*b*), from failure to properly and sufficiently support the surface, or (*c*), from both these causes combined, the surface owner is entitled to recover compensation for such injury as he may show he has sustained." And this is the law of England whose decisions we have followed in holding the surface owner entitled to absolute support for his estate : Harris v. Ryding, 5 M. & W. 60 ; Humphries v. Brogden, 1 Eng. Law & Eq. 241. In this last case, Lord CAMPBELL, C. J., delivering the opinion of the Queen's bench, remarks : " It seems to have been the unanimous opinion of the court (in Harris v. Ryding), that there existed the natural easement of support for the upper soil from the soil beneath ; and that the entire removal of the inferior strata, however skillfully done, would be actionable if productive of damage by withdrawing that degree of support to which the owner of the surface was entitled, the duty of the owner of the servient tenement forbidding him to do any act whereby the enjoyment of the easement could be disturbed."

Under the titles of the respective parties, it is clear that Greenawalt was entitled to absolute support for the surface over-

lying the plaintiff's coal and that if the company deprived him of it in mining the coal, it was liable for the consequent injury to him regardless of whether the mining operations were conducted skillfully or negligently and carelessly. His right to actual support for the surface of his land was a natural and property right and did not depend upon the manner in which the subjacent coal was removed.

The defendants being required "to leave every pound of coal untouched under the land" if necessary to support the surface, Noonan v. Pardee, 200 Pa. 474, what was the purpose and intention of the parties in giving and receiving the obligation in question? We must assume what the experience of everybody teaches that the parties were prompted by the motive of self-interest in this transaction. The price which the defendants would demand and the plaintiff would agree to pay would necessarily depend upon the amount of coal which could be mined and removed from the land. When, therefore, the defendants agreed to sell and convey the coal, the basis upon which they fixed the selling price was the quantum of workable coal. This in turn would depend upon the depth of the coal under the surface and the character of the strata of stone and earth overlying it. It was under these circumstances that the defendants executed and delivered to the plaintiff the obligation in question at or about the time of the delivery of the deeds. The defendants believing and relying upon the sufficiency of the superincumbent strata to afford absolute support to the surface were willing to assume responsibility for the breakage of the surface in mining and removing all the coal. This made certain the amount of coal accessible for mining, and necessarily greatly enhanced the value of the tract to the purchaser. By their deeds the defendants conveyed to the plaintiff company the coal, but under the servitude imposed on their title by the laws of the state the purchaser was restricted as to the quantity he could mine and remove to an uncertain amount, or, possibly, to no part of the entire body of the mineral. To remove this uncertainty and contingency and to secure to the purchaser "all the main working vein of coal underlying the farm," the defendants executed and delivered the obligation in question and thereby obligated themselves to protect and indemnify the plaintiff company "from any liability for any dam-

age which may result to the surface of the tracts of land overlying the coal land purchased by the said coal company from said obligors and others, or to improvements thereon, by reason of the skillful and careful mining and taking away of the said coal." The purpose and effect of this obligation is, therefore, most obvious and manifest. The title of the coal company, acquired by its deeds, gave it the entire body of coal subject, however, to the absolute support of the surface or, in the language of the obligation in question, to "any liability for any damage which may result to the surface of the tracts of land overlying the coal land " caused by mining and removing the coal. This obligation indemnifies the coal company against this liability provided it exercises skill and care in mining and taking away the coal. Observing this single provision of the obligation, the defendants' protection permitted the coal company to remove all the coal without leaving any supports for the surface. It necessarily follows that the skill and care required to be exercised by the plaintiff in operating the coal referred to the manner of working the vein conveyed to the plaintiff company. Any other construction would produce an absurdity and render the obligation nugatory and impotent to carry out the manifest purpose for which it was executed and delivered. The only protection the coal company needed to enable it to mine all the coal was indemnity against injury resulting to the surface in removing the coal required for supports. If, therefore, "skillful and careful mining " in the defendants' obligation requires the coal company to leave in place coal sufficient to support the surface, the instrument affords the company no protection whatever against the only liability it could incur, which is to the surface owner, by removing the supports and thereby breaking the surface. If, on the other hand, we give these words their usual and primary signification, keeping in view the manifest purpose to be attained, the defendants' obligation will supplement their deeds and place in the grantee the entire body of coal freed and discharged from the only obstacle or impediment in mining and removing it, which is the duty of absolute support owed to the surface owner.

If we omit from the condition of the obligation the words "skillful and careful," it will then require the defendants to

"protect and indemnify said Youghiogheny River Coal Company from any liability for any damage which may result to the surface of the tracts of land overlying the coal land purchased by said coal company from said obligors and others, or to improvements thereon, by reason of the . . . . mining and taking away of the said coal." Such an obligation would unquestionably protect the obligee from liability in removing all of the coal. That is manifest and must be conceded. If we insert the omitted words in the condition, how does it affect the obligors' liability ? This, we think, is apparent. It does not prevent the obligee company from removing all the coal, but simply imposes upon it the duty of care and skill in the mining operations. By virtue of its deeds from the defendants, all the coal belongs to the plaintiff company, as is conceded, and this obligation indemnifies the company as against the surface owner in removing all of it. If, however, by the careless use of explosives or the negligent or unskillful use of any other means in mining the coal, the company's employees, regardless of the quantity of coal they may remove or leave in place, should break the surface, the defendants' obligation will afford the obligee no protection and the company would be compelled to stand the loss. Hence, it is manifest that the words "skillful and careful" in the obligation refer to the manner or method of working the stratum or vein of coal, and not to the quantum. of coal which the owner may remove or leave in place to support the surface.

Our own cases and also the English decisions recognize a distinction between a failure to support the surface and negligence in conducting the mining operations. In Horner v. Watson, 79 Pa. 242, an action for not supporting the surface whereby the plaintiff's mines adjoining those of the defendants were flooded, the ruling of the trial court was affirmed by this court in refusing to charge that the defendants were not liable if the jury found the injuries were not occasioned by any wanton or willful acts and that the defendants had conducted their mining operations according to the approved, established and customary course and practice of mining in the region and without any negligence in the operation of mining. In Carlin v. Chappell, 101 Pa. 348, the late Chief Justice GREEN, delivering the opinion, referred to this ruling in the Horner case and recognized the

same distinction by saying that it was there held that " the defendants would be responsible . . . . without any reference to actual negligence or want of skill in the miner." He also says that " it will here be seen (referring to a quotation from a text-book) that the right of the surface owner is declared to be a right to absolute support, and that when such right exists it is of no consequence with what degree of skill and prudence the mine owner conducts his operations." And in Pringle v. Vesta Coal Co., 172 Pa. 438, this court recognizes the distinction and says that the owner of the coal is responsible for failing to support the surface whether the injury results " from negligence in conducting his mining operations or from failure to properly and sufficiently support the surface." The English cases cited above also recognize the distinction between negligent and careless mining operations and failure to leave sufficient coal in place to support the overlying surface. The declaration in those cases laid the cause of action as having been " wrongfully, carelessly, negligently and improperly, and without leaving any proper or sufficient pillars or supports in that behalf." Lord CAMPBELL in Humphries v. Brogden, in commenting on Harris v. Ryding, says, in addition to the excerpt from his opinion quoted above : " The Barons, in the very comprehensive and masterly judgments which they delivered seriatim, seem all to have thought that the reservation of the minerals would not have justified the defendant in depriving the surface of a complete support, however carefully he might have proceeded in removing them."

We are of opinion that the words " skillful and careful mining," used in the defendants' obligation of February 29, 1892, relate to the manner of working the coal, and do not impose upon the plaintiff company in operating the coal the duty of leaving proper and sufficient supports for the surface. If, therefore, the plaintiff exercise care and skill in its mining operations it may mine and remove all the coal, and the defendants must indemnify the company against any damage resulting from injury to the surface which it may be compelled to pay the surface owner.

In explanation of the apparent delay in handing down this opinion the writer may be permitted to say that the case has been but recently assigned to him.

The assignments of error are sustained and the judgment is reversed with a procedendo.

MR. JUSTICE BROWN, dissenting.

The judgment below in favor of the defendants was on their demurrer to the plaintiff's statement. When it was negotiating with the appellees and two others, now deceased, for the purchase of certain coal lands, the ownership of the surface was in third parties, and it "declined to purchase unless it, the said Youghiogheny River Coal Company, was properly protected and indemnified from any liability for damage which might result to the surface lands overlying said tract of coal, or to the improvements thereon, in the skillful and careful mining and taking away of said coal without surface support." Immediately following this averment is one that the appellees, "to induce the said Youghiogheny River Coal Company to purchase said coal lands, stipulated with it that they would make and execute an agreement in writing to well and truly protect and indemnify it, the said Youghiogheny River Coal Company, from any liability or damage which might result to the surface land overlying the said tract of coal or to the improvements thereon by reason of the skillful and careful mining and taking away of said coal."

The agreement in writing subsequently given by the vendors was that they would "well and truly protect and indemnify said Youghiogheny River Coal Company from any liability for any damage which may result to the surface of the tracts of land overlying the coal land purchased by said coal company from said obligors and others, or to improvements thereon, by reason of the skillful and careful mining and taking away of the said coal." It will at once be observed that though the averment of the appellant is that it had insisted upon indemnity against liability for damage done to the surface in not giving the same support, the admission is that the indemnity given and received by it was from liability for damages to the surface owner simply from the skillful and careful mining and taking away of coal. There is no agreement to indemnify it if the surface should subside in consequence of the vendee's failure to furnish sufficient support. Though such an indemnity had been asked for, it was not given, and it is not reasonable

to suppose it would have been given by the appellees if the appellant had persisted in making it a condition of the sale.

In the suit brought against it by R. G. Greenawalt, the surface owner, there was a recovery against the appellant, and the averment of its cause of action against the appellees is that he had recovered upon his allegation and proof that it had not supported his surface lands in its mining operations. For what he recovered from it, it now seeks to recover from the appellees on what it terms the indemnity agreement.

The situation to my mind is entirely free from difficulty. Though appellant's averment is that it had mined " in a careful and skillful manner," its distinct admission is that the injuries sustained by Greenawalt were due entirely to its failure to support his surface. If, as the surface or upper owner, he had sustained injury in connection with what may have been the appellant's careful and skillful mining—if, by way of illustration, an upper vein of coal belonging to him had been damaged in such mining—the right of the appellant to recover from the appellees what it had been compelled to pay him could not be questioned; but when the injuries sustained were due solely to its failure to observe the absolute duty owed by it to the surface owner, and from the consequences of a disregard of which it had not been indemnified by the appellees, though they had been asked for such indemnity, it is equally clear that there is no liability from them to it. Its skillful mining is not involved in its claim as set forth in the statement of its cause of action.

The owner of a mineral estate, in the absence of any agreement to the contrary between him and the upper owner, owes a servitude to the superincumbent estate of sufficient support; and a failure to sufficiently support that estate is negligence : Jones v. Wagner, 66 Pa. 429. The duty of furnishing sufficient support is an absolute one, and the rule enforcing it is not only rigid, but has long been well known through many of our cases, one of the latest being Noonan v. Pardee, 200 Pa. 474, in which our Brother DEAN not only clearly, but forcefully, says : " Where there has been a horizontal division of the land, the owner of the subjacent estate, coal or other mineral, owes to the superincumbent owner, a right of support. This is an absolute right arising out of the ownership of the surface.

Good or bad mining in no way affects the responsibility ; what the surface owner has a right to demand is, sufficient support, even, if to that end, it be necessary to leave every pound of coal untouched under his land : Berwind v. Barnes, 13 W. N. C. 541 ; also the English case, Harris v. Ryding, 5 M. & W. 60, in which Baron PARKE uses this language : ' I do not mean to say that all the coal does not belong to the defendants, but they cannot get it without leaving sufficient support.' We have followed rigidly this rule, as thus tersely suggested, in all our decisions on the subject, and they have been many. Of course, defendant had a right to all the coal under this lot, but, he had no right to take any of it, if thereby, necessarily, the surface caved in. The measure of his enjoyment of his right must be determined by the measure of his absolute duty to the owner of the surface. So, there is nothing gained by adducing evidence of good or bad mining, or by a discussion of that subject."

Sufficient support was not given to Greenawalt by the appellant, and as the terms of the agreement to indemnify do not extend to its admitted negligence, no right of action to recover from the appellees is disclosed in its statement, and the judgment on the demurrer ought to be affirmed. I am utterly at a loss to understand how any other conclusion can follow an examination of the pleadings.

DEAN, J., joins in this dissent.