# Graff Furnace Company, Appellant, v. Scranton Coal Company.

*Real property—Coal lands—Separation of surface and minerals —Deeds—Exceptions—Conveyance of surface without right of support—Right of surface owner to support—Equity—Injunction.*

1. While it is well settled that where there is a separation of minerals from the surface, the owner of the mineral estate owes a servitude of sufficient support to the superincumbent estate, yet where the owner in fee of the entire estate grants the mineral estate, and by apt words in the conveyance, parts with or releases his right of surface support, his grantee, or those claiming through him, may mine all the coal, even though the falling in of the surface should result.

2. When the owner of the entire estate grants the surface of the land reserving the mineral estate, and the right to mine and remove minerals without liability for any injury or damage done to the surface, the grantor or those claiming through him, may mine and remove all the minerals without being compelled to support the surface.

3. A reservation in a deed conveying the surface of mineral lands which excepts from the operation of the grant the right to surface support, is not as large as the grant, and is legal and enforceable against the grantee, and those claiming through him.

4. At the hearing of a suit in equity to restrain a mining company from mining coal under plaintiff's land without leaving sufficient surface support it appeared that the owner in fee of coal lands had conveyed the minerals to defendant's predecessor in title, and had conveyed the surface to another grantee, "excepting and reserving all the coal......with the sole right to mine and remove the same......without.......liability for injury caused or damage done to the surface......" The grantee expressly released the grantor, and all claiming title to the coal under him, from any liability for any injury that might result to the surface of the premises, from the mining of coal or other minerals. Plaintiff claimed title to the surface from such grantee through mesne conveyances, the last of which recited the deed to the first grantee of the surface, and stated, "This conveyance is made subject to all exceptions, reservations and conditions in said deeds mentioned." Defendant's operations caused injury to the surface, upon which plaintiff had built a foundry. The lower court on final hearing dismissed the bill. *Held,* that the reservation of the right of sur-

face support in the deed to plaintiff's predecessor in title was not invalid as destructive of the grant, that the right of surface support had not been conveyed to plaintiff and the decree was affirmed.

Argued Feb. 24, 1914. Appeal, No. 56, Jan. T., 1914, by plaintiff, from decree of C. P. Lackawanna Co., Oct. T., 1913, No. 5, in equity, dismissing bill in equity for an injunction in case of The Graff Furnace Company v. Scranton Coal Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before EDWARDS, P. J.

The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill. Plaintiff appealed.

*Errors assigned* were in dismissing various exceptions to the findings of fact and law of the trial judge and the decree of the court.

*Thomas P. Duffy,* for appellant.—If the destruction of surface support is not necessarily incident to the business of mining, then a conveyance by the owner of real estate of the coal therein and of its rights to mine and remove the same by any subterranean process incident to the business of mining, does not grant the right to destroy the surface: Coleman v. Chadwick, 80 Pa. 81; Weaver v. Berwind-White Coal Co., 216 Pa. 195; Dignan v. Altoona Coal & Coke Co., 222 Pa. 390; Berkey v. Berwind-White Coal Mining Co., 229 Pa. 417; Noonan v. Pardee, 200 Pa. 474; Stilley v. Pittsburgh-Buffalo Co., 234 Pa. 492.

While the principle that the under or mineral estate owes a servitude of sufficient support to the upper or superincumbent estate has no application where the same person is the owner of both estates, still upon the severance of the two estates, in the absence of a waiver

of surface support in the grant, the law imposes upon the underlying mineral estate the servitude of surface support.

An exception or reservation of the right of surface support in a grant of land, if the grantor has the right, is void and of no effect: Horner v. Watson, 79 Pa. 242; Touchstone, page 78; Dorel v. Collins, Cor., Eliz. 6; Little v. Greek, 233 Pa. 534; Shoenberger v. Lyon, 7 W. & S. 184; Stokely's Est., 19 Pa. 476; Siebert v. Levan, 8 Pa. 382; Kieffer v. Imhoff, 26 Pa. 438; Grace Methodist Episcopal Church v. Dobbin, 153 Pa. 294; Huff v. McCauley, 53 Pa. 206; Everhart v. Dolph, 133 Pa. 628; Erb v. Brown, 69 Pa. 216; Yeakle v. Jacob, 33 Pa. 376.

*J. E. Burr,* and *Everett Warren,* submitted a paper book for appellee.—The plaintiff waived its right to surface support: Williams v. Hay, 120 Pa. 485; Madden v. Lehigh Valley Coal Co., 212 Pa. 63; Robertson v. Youghiogheny River Coal Co., 172 Pa. 566; Miles v. Penna. Coal Co., 217 Pa. 449; Kellert v. Rochester & Pittsburgh Coal & Iron Co., 226 Pa. 27.

OPINION BY MR. JUSTICE MESTREZAT, March 30, 1914:

This is a bill in equity filed by the owner of the surface to restrain the owner of the underlying mineral estate from mining and removing the mineral without leaving or erecting sufficient pillars and artificial supports to protect the surface of the land.

The Lackawanna Iron and Coal Company was the owner in fee of all the coal and surface of certain large tracts of land located on the west side of the City of Scranton, and on February 3, 1891, by warranty deed in fee simple, conveyed all the coal and minerals beneath the surface of the land to the Lackawanna Iron and Steel Company, "together with also all the rights of the said party of the first part to mine and remove the said coal herein conveyed by any subterranean process

incident to the business of mining, with the right to open mine and air shafts in any portion of the surface not sold and conveyed, but not the right to. open any mine or air shaft upon any part of the surface which may be hereafter conveyed by the said party of. the first part before said mine or air shaft is opened." On February 1, 1899, the Steel Company conveyed to the defendant, the Scranton Coal Company, in fee simple all the coal and minerals beneath the surface of the lands together with the mining rights described in the deed of February, 1891.

After disposing of its mineral estate in the tracts of land to the steel company in 1891, the coal company sold from time to time certain parcels of the surface. About four acres of the surface, now owned by the plaintiff in this case, were sold to John Timmes and Herbert Hecht by deed dated November 23, 1900, which contains the following exception and reservation: "Excepting and reserving......all the coal and minerals beneath the surface......of said lot, with the sole right to mine and remove the same by any subterranean process incident to the business of mining,......without thereby incurring in any event whatever any liability for injury caused or damage done to the surface of said lot or to the buildings or improvements which now are or hereafter may be put thereon; and the party of the second part, for themselves, their heirs, executors, administrators and assigns, does hereby expressly release and discharge forever the said party of the first part, its successors and assigns, and all persons who may have derived title to said coal or other minerals from said party of the first part of and from any liability for any injury that may result to the surface of said premises, or anything erected or placed thereon, from the mining or removal of said coal or other minerals," etc. The conveyance to the plaintiff recites the deed to Timmes and Hecht and contains the following clause: "This convey-

ance is made subject to all exceptions, reservations and conditions in said deeds mentioned."

The plaintiff company has a manufacturing plant or foundry on its premises, and the defendant has mined and removed coal from underneath the plaintiff's land without providing absolute support which has resulted in injury to the surface. The defendant proposes to continue its mining operations under the plaintiff's land which will result in further injury to the surface. The learned court below refused the injunction and dismissed the bill, holding that the plaintiff took title to the surface subject to the exception, reservation and condition contained in the deed to Timmes and Hecht, waiving the right to surface support. The plaintiff company has appealed.

It has long been settled in this State that where there is a separation of the minerals from the surface the owner of the mineral estate owes a servitude of sufficient support to the superincumbent estate. That principle was announced in Jones v. Wagner, 66 Pa. 429, nearly a half century ago, and it has since been uniformly recognized and enforced. Equally true, however, is it that the owner in fee of the entire estate may grant the mineral estate and by apt words in the deed of conveyance may part with or release his right to surface support, and where he does so his grantee or those claiming through him may mine all the coal even though it should result in the surface falling in. The owner of the entire estate may likewise grant the surface of the land and reserve the mineral estate with the right to mine and remove it without liability for any injury or damage done to the surface, and in such case the grantor or those claiming through him may mine and remove all the coal without being compelled to support the surface. These rights of the owners of the servient and superincumbent estates in land are settled by numerous and some very recent decisions of this court.

We do not deem it necessary to determine whether the

grant to the steel company released or waived the right of surface support, as we agree with the learned court below that this controversy turns upon the clause in the Timmes and Hecht deed subject to which the plaintiff took its title. It is conceded that if this clause had been contained in the deed from the coal company to the steel company the present owner of the coal would have the right to mine and remove it all regardless of the effect of the mining operations on the surface. This, we understand, is not denied. The clause not only excepts all the coal and minerals beneath the surface but also the right to remove the coal without incurring any liability for injury done to the surface, and also contains a release and discharge from any liability for any injury that may result to the premises or anything thereon from the mining and removal of the coal. Under all our authorities this clause would exempt the coal operator from liability for any injury done to the surface and any buildings thereon in mining and removing the coal.

It is contended by the plaintiff, however, that the clause in the deed of the coal company to Timmes and Hecht is illegal and void because (1) it is as broad as the grant and destructive of it, (2) it is within the statute of frauds, (3) it would have the effect of causing a valuable right to be lost. We are not convinced, however, that either of these reasons can be successfully invoked here against the grantor or those holding the mineral estate under it to prevent injury to the surface by mining operations. The effect of holding with the plaintiff would be to ignore not only the rights in the surface specifically excepted and retained by the grantor in the conveyance of the surface but would give to the plaintiff company what neither it nor its predecessors in title obtained by their deeds. There is no doubt, and the plaintiff company could have had none when it took its title, that the deed did not convey the right to surface support. It is wholly immaterial whether the common grantor of the parties holding re-

spectively the surface and the coal still retained the right of surface support or whether it had passed to the owner of the coal. The important fact is that it never passed to the plaintiff nor its predecessors in title. The deed of the coal company to Timmes and Hecht excepted from the grant in apt words all the coal and minerals with the right to the support of the surface, and in equally appropriate language released the grantor company and those claiming under it from any liability for injury to the surface by reason of the removal of all the coal. If, therefore, the plaintiff is permitted to avail itself of the right of surface support it is without having acquired such right from the only party who could grant it and in denial of the express language of its deed which clearly reserved the right to the grantor. It would defeat the intention of both parties as clearly expressed in their contract.

The plaintiff's contention that the exception is as broad as the grant and hence destructive of it is not well taken. Timmes and Hecht's grantor, at the time it delivered the deed to them, owned the surface or superincumbent estate, and its grantee by an earlier deed, owned the coal and the mining rights contained therein. If it be conceded that the coal company, the common grantor, did not waive the right of surface support in the deed conveying the coal to the steel company, it was a part and parcel of the surface of which the company was the owner and with which it could deal as it deemed proper. For reasons best known to the company, it did not desire to part with the right of surface support by conveying it to Timmes and Hecht. Whether it had already conveyed the right to the owners of the coal or anticipated doing so, or did not convey for some other purpose, is wholly immaterial. It was the owner and could dispose of the right as it saw proper. The right of support was not the surface, nor in conveying the right would the surface pass to the grantee. It is admitted that the coal company, by a proper exception in its deed,

could have waived its right to surface support in favor of the coal grantee without the latter, by the same grant, taking the surface. If, however, it had done so, the logical conclusion from the plaintiff's argument would be that the coal company, having waived the right of support, could not thereafter convey the surface at all, as it could not be conveyed without the support. The exception in the Timmes deed is not as large as the grant and hence is legal and enforceable against the plaintiff.

The statute of frauds can have no application here. It was not necessary that the right of surface support should pass by the deed of the coal company conveying the surface to Timmes and Hecht to give effect to the grant of the surface, and the right did not pass. The grantees, therefore, were not required to sign the deed to reinvest the right in the grantor company, nor to execute and deliver a deed for the purpose. The other reason assigned by the plaintiff for a reversal of the judgment is equally without merit. It may be conceded that the surface support is a valuable right and that the plaintiff company will not possess it under our conclusion as to its rights in the surface, but that is not sufficient to warrant the court in giving the right to the plaintiff company when neither it nor its predecessors in title show any title to the right by the contracts under which they acquired the surface. They took title to the surface with full knowledge that they were not obtaining support for it from the mineral estate, and as they never had the right they cannot lose it.

The decree is affirmed.