CHARLES I. HAMMARSTEDT, Appellant, v. WILLIAM BAKELEY et al., Appellees.

**FRAUD:** Fraudulent Representations—Seeming Paradox. False representations will not support an action for damages when, *if the representation had been true,* the same damages would have resulted by presumption and operation of law.

PRINCIPLE APPLIED: Atwood sold to McClure the coal and other minerals underlying certain land. The deed granted McClure certain rights to use the surface in his mining operations but these granted rights were not *inconsistent with,* nor were they *greater* than, the rights which the law would have *implied* had the deed been silent as to surface rights. Later, Atwood is alleged to have falsely represented to Hammarstedt, in order to induce Hammarstedt to buy the land, that no right to use any part of the surface for mining purposes had been granted in the deed to McClure. Hammarstedt bought the land and claimed that he relied on said representations, and received a deed with the following reservation therein, to wit: "excepting and reserving all coal and mineral underlying all said premises." There was no claim of fraud in the delivery and acceptance of this deed.

*Held,* damages could not be recovered (a) because Atwood by the exception in the deed to Hammarstedt impliedly reserved the very right which Hammarstedt says he supposed did not exist, and (b) because, if Atwood did represent that McClure had, in his deed, been granted no surface rights, then Hammarstedt must be held to have known that the law would imply such right in McClure.

**MINES AND MINERALS:** Title, Conveyances, Etc.—Implied Right to Use Surface. A grant of the minerals underlying the surface of lands carries an implied right to use so much of the surface as is reasonably necessary for mining operations.

PRINCIPLE APPLIED: See No. 1.

**COVENANTS:**   Breach—Covenant of Seizin—Non-Eviction and
3  Damages—Effect.   Nominal damages only may be recovered for
breach of the covenant of seizin, so long as no eviction has
occurred, and no actual damage has been suffered.

*Appeal from Boone District Court.*—E. M. McCALL, Judge.

MARCH 12, 1918.

SUIT in equity, based upon alleged fraudulent representations relative to mining privileges. There was a decree for defendants. Plaintiff appeals. The necessary facts are stated in the opinion.—*Affirmed.*

*Frank Hollingsworth* and *Harpel & Cederquist,* for appellant.

*Whitaker & Snell,* for appellees.

1. FRAUD:
fraudulent
representa-
tions: seem-
ing paradox.

STEVENS, J.—On the first day of March, 1911, Hezekiah Atwood conveyed the west one half (W½) of the southwest quarter (SW¼) and the southeast quarter (SE¼) of the southwest quarter (SW¼) of Section 21, Township 84 North, Range 27, except some small tracts therein described, to the plaintiff by warranty deed containing the following clause: "Excepting and reserving all coal and mineral underlying all said premises." It also contained the usual covenants of seizin against encumbrances, good right and lawful authority to sell and convey and to warrant and defend the title to said premises against all persons whomsoever. Atwood is deceased, and defendant H. W. Atwood is the executor of his estate. The consideration for said conveyance was $11,400, which was paid in cash and by note for $8,000, payment thereof being secured by mortgage upon said premises. Subsequently, plaintiff paid $6,000, together with accrued interest on said note, and deposited $2,000 in the defendant Farmers' State Bank of Ogden, which has since been held by said bank, pending the termination of this suit.

Plaintiff's cause of action is stated in two counts. In the first it is alleged that Hezekiah Atwood and William Bakeley, one of the defendants herein, as his agent, "falsely and fraudulently represented to the plaintiff that they owned all the surface of said land, and that the person for whom the said coal and mineral should be reserved did not have any contract for or right to use any of the surface of the said land, and in further pursuit of said wrongful and fraudulent purpose, the said Bakeley and Atwood delivered to the plaintiff an abstract of title, purporting to be an abstract of the title to the said land from the original entry thereof down to the 23rd day of February, 1911, from which abstract was omitted any reference to the McClure deed; and that the said Bakeley and Atwood, falsely and fraudulently, and for the purpose aforesaid, concealed from plaintiff the fact of the existence of said deed, and in like manner, for the said purpose, concealed from plaintiff the provisions and contents of said deed, and the fact of the existence of the easement and incumbrance therein created and provided, the said Bakeley and Atwood well knowing that the said deed, rights, easement and incumbrance were outstanding, valid and subsisting, and that said abstract of title was false in relation thereto, and the plaintiff did not know thereof."

The deed referred to in said petition was a conveyance from Atwood and others of the mineral under the surface of said property to one Samuel McClure. Following the granting clause of said deed was a provision respecting the use of the surface for mining said coal, which, so far as material to the questions presented on this appeal, is as follows:

"With the right to mine and remove the same without liability for surface subsidence, except underbuildings now thereon, with the right of perpetual use for mining purposes and to make underground passage way to adjoining lands.

Second party may use so much of the surface of said premises as may be required for proper mining operations, including erecting, maintaining and operating hoisting machinery, air pumps and escape shafts, with necessary railway rights of way and other roadways by second party paying first party or their assigns one hundred dollars per acre for all surface uses. No shafts to be located nearer than 40 rods to present buildings and due care to be used in mining operations that surface shall not sink under said buildings or injury result thereto."

The second count of plaintiff's petition is based upon an alleged breach of the covenants of warranty of the deed to him. It is alleged in both counts of said petition that, by reason of the provision of the deed to McClure, giving him the use of the necessary part of the surface for mining purposes, plaintiff has suffered damages in the sum of $2,500, and the petition prays that the court ascertain the true amount of damages suffered, if the above sum be found incorrect, and offset the same against the balance due on the purchase price of said land, and that the defendant bank be directed to pay the same out of the $2,000 deposit above referred to.

It was also alleged in said petition that the owner of the mineral rights is threatening to enter upon the premises for the purpose of mining said coal, and to place railway tracks thereon for the convenience of said mining operations.

I. The fraudulent representations relied upon all relate to the surface rights conveyed to McClure, and the alleged concealment from plaintiff of said deed and its provisions. Plaintiff admitted that he knew that the mineral under said land had been conveyed, but maintained that Atwood and Bakeley, his agent, told him that no rights to the use of any part of the surface for mining purposes were granted in said deed, and that all of the information he

had concerning the same was the clause in his deed except-
ing and reserving from the conveyance all coal and mineral
underlying the surface.   Upon examination of the abstract,
plaintiff says he found no reference to the deed, and con-
summated the deal without knowledge of its contents; so
that, in so far as plaintiff charges fraud in said transaction,
it is based entirely upon the alleged representations that
the owner of the mineral possessed no surface rights in
said premises.

It is contended by counsel for appellee that the pro-
visions and restrictions of the McClure deed are more favor-
able to plaintiff than the provisions in the deed to him.   It
will be observed that the deed to McClure authorizes him
or his assigns to enter upon the premises in question, and
use such part of the surface thereof as may be required for
proper mining operations, including the erection and main-
tenance of hoisting machinery, air pumps, and escape shafts,
with all necessary right of way for railway and other road
facilities, but requires that no shaft shall be sunk within
forty rods of the buildings on said premises.   The question
of surface subsidence and the duty to provide subjacent
support apparently were not referred to, nor in the mind of
the parties at the time of the purchase of said land; and
little, if any, consideration seems to have been given this
question in the court below, and it is not urged upon this
appeal.   Assuming that the representations were made as
charged, and that they were believed and relied upon by the
plaintiff, and that he was induced thereby to purchase said
land, yet, unless plaintiff has suffered some damages on
account thereof, this cause cannot be reversed.

2. MINES AND MINERALS: title, conveyances, etc.: implied right to use surface.

It is practically the uniform holding of
the courts in all jurisdictions of this coun-
try that a grant or reservation of mineral
under the surface carries with it, or re-
serves, the right to use so much of the sur-

face as is reasonably necessary for mining such mineral.

The Supreme Court of Missouri, in *Gordon v. Million,* 248 Mo. 155 (154 S. W. 99), passing upon this question, said:

"It must be remembered that the coal deposits, when separated by grant or reservation in a deed, are as much of an estate in lands as is the surface of the same lands. * * * Not only so, but such an estate carries with it the right to use so much of the surface estate as may be reasonably necessary for the proper use of the mineral estate."

See, also, *Kellert v. Rochester & P. Coal & Iron Co.,* 226 Pa. 27 (74 Atl. 789) ; *Hooper v. Dora Coal Min. Co.,* 95 Ala. 235 (10 So. 652) ; *Marvin v. Brewster Iron Min. Co.,* 55 N. Y. 538 (14 Am. Rep. 322) ; *Ewing v. Sandoval C. & M. Co.,* 110 Ill. 290; *Porter v. Mack Mfg. Co.,* 65 W. Va. 636 (64 S. E. 853) ; *Gordon v. Park,* 219 Mo. 600 (117 S. W. 1163) ; *Himrod v. Ft. Pitt Min. & Mill. Co.,* 220 Fed. 80; *Curtis v. Chartiers Oil Co.,* 88 Ohio St. 594 (106 N. E. 1053) ; *Wardell v. Watson,* 93 Mo. 107 (5 S. W. 605) ; *Youghiogheny River Coal Co. v. Allegheny Nat. Bank,* 211 Pa. 319 (60 Atl. 924) ; *Kincaid v. Magowan,* 6 Kentucky Law Reporter 99; *Wait v. Baldwin,* 60 Mich. 622 (27 N. W. 697).

It has been frequently held, however, that, in the absence of a provision in the deed to the contrary, the owner of the mineral right must provide subjacent support, and protect the surface against subsidence; but, as this question is not involved on this appeal, we omit citation of authorities upon this point. The provision of the McClure deed giving him the right to enter upon the premises and sink shafts, erect the necessary machinery, and to mine the coal thereunder, together with the right to provide necessary railroad facilities, and to use so much of the surface as may be necessary therefor, is not inconsistent with, nor is the privilege granted broader than, the right of grantor,

under the exception and reservation in the deed to plaintiff. The cases holding that exception or reservation in a conveyance of coal or other mineral implies and carries with it the right to enter upon the surface and sink shafts, erect machinery, and provide all necessary facilities for mining and removing the coal after the same has been mined, are practically uniform in all jurisdictions of this country. The McClure deed also contained provisions favorable to plaintiff. Before entering upon said premises for mining purposes, the grantee or his assigns were required to pay to the plaintiff $100 per acre for the portion of the surface required or used in said mining operations, and no shaft was to be sunk or mining operations carried on within forty rods of plaintiff's residence and other buildings. The only provision in the instrument giving McClure or his assigns privileges not implied in an exception or reservation is the one permitting him to mine coal without providing proper subjacent support for the surface; but, as above stated, it is not claimed that representations were made by Atwood or Bakeley as to this matter, and the representations relied upon relate entirely to the use of the surface for mining purposes. Grantor, in his deed to plaintiff, impliedly reserved the right to enter upon said premises and use such part of the surface as would be reasonably necessary to mine the coal thereunder. The McClure deed gave no greater right to the use of the surface, and it therefore necessarily follows that plaintiff suffered no damages on account of the alleged fraudulent representations, even though he may have been induced thereby to purchase said land. Counsel for appellant refer to several of our decisions upon this point, particularly *Brandt v. Foster*, 5 Iowa 287, *Madison v. Garfield Coal Co.*, 114 Iowa 56, and *Moore v. Price*, 125 Iowa 353; but the holding in none of these cases is in conflict with the conclusion stated herein.

Moreover, if Atwood did falsely and fraudulently rep-

resent to Hammarstedt, in substance, that the deed to Mc-Clure was silent as to McClure's right to use the surface of the land in his mining operations, then Hammerstedt knew or ought to have known that McClure had the right, because the law would *imply* such right.

The only remaining question presented upon this appeal arises on plaintiff's claim for damages on account of the alleged breach of the covenants of warranty in the deed to him. But little is said in argument by counsel on either side upon this question, and, apparently, little reliance is placed thereon. It is not alleged that the owner of the mineral under said premises has entered thereon, or that any substantial damages have resulted from the alleged breach of the covenants of said deed. It has repeatedly been held by this court that recovery of nominal damages alone can be had for the breach of the covenant of seizin, until there has been an eviction, or actual damages shown. *Brandt v. Foster,* supra; *McClure v. Dee,* 115 Iowa 546; *Foshay v. Shafer,* 116 Iowa 302; *Sturgis v. Slocum,* 140 Iowa 25.

3. COVENANTS: breach: covenant of seizin: non-eviction and damages: effect.

For the reasons pointed out, the judgment of the lower court must be—*Affirmed.*

PRESTON, C. J., LADD and GAYNOR, JJ., concur.