## SCRANTON COAL CO. v. GRAFF FURNACE CO.

(Circuit Court of Appeals, Third Circuit. May 28, 1923.)

No. 2926.

1. **Courts** ⬉359—**On issue of property rights, law of state where property situated enforced in federal court.**

Where the issue in a case in federal court concerned property rights, that court would enforce the law of the state where the property was situated.

2. **Mines and minerals** ⬉55(6)—**Reservation of rights to mine beneath surface held not to affect surface owner's right of lateral support.**

A reservation, in grant of the surface, of the right to mine coal beneath the surface, without reservation of right to mine coal in subjacent estates or release from the duty of lateral support which grantor's subjacent estate owed the surface estate, *held* not to affect the surface owner's right of lateral support.

3. **Adjoining landowners** ⬉3, 4(1)—**Right of lateral support is absolute only as respects land in natural condition; negligence essential to recovery as to buildings.**

While the right of lateral support is an absolute one, so that an adjoining owner is liable for withdrawing it, irrespective of negligence, yet this absolute liability extends only to the land in its natural condition, and, to recover for injury to buildings or improvements because of withdrawal of lateral support, negligence must be shown.

4. **Adjoining landowners** ⬉4(7)—**Whether lateral support negligently withdrawn held for jury.**

In action for damages for withdrawal of lateral support by owner of adjoining coal property, *held*, that whether such lateral support was withdrawn negligently, so as to render defendant liable for injury to plaintiff's buildings, was for the jury on conflicting evidence.

Buffington, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Action by the Graff Furnace Company against the Scranton Coal Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John P. Kelly, E. J. Kelly, and James E. Burr, all of Scranton, Pa., for plaintiff in error.

Thomas P. Duffy and Clarence Balentine, both of Scranton, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. In order that there may be no doubt as to precisely what were the issues tried below and what, accordingly, are the questions here for review, we think it necessary to give briefly the history of this involved and protracted litigation.

In 1891, the Lackawanna Iron & Coal Company, owner in fee of a tract of land on which a portion of the City of Scranton is now built, conveyed all the coal and minerals beneath the surface to the Lackawanna Iron & Steel Company, together with the right to mine and remove the same. Later, the Lackawanna Iron & Steel Company made a like conveyance to the Scranton Coal Company, the defendant be-

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
289 F.—20

low. In 1900, the Lackawanna Iron & Coal Company conveyed about 4½ acres of the surface to Timmes and Hecht reserving to itself, its successors and assigns, all the coal and minerals beneath the surface, with the right to mine and remove the same, and obtaining for itself, its successors and assigns, a release from the grantees from any liability for injury that might result to the surface conveyed or to anything erected thereon from the mining or removal of said coal or minerals, according to the terms of the reservation and release which may be found in full at (C. C. A.) 266 Fed. 798, 804, or abbreviated at 244 Pa. 592, 595, 91 Atl. 508. In due course title to the surface, subject to the cited reservation and release, became vested in the Graff Furnace Company, the plaintiff below. Referring to the parties as they stood in the several courts, the plaintiff erected a foundry upon the surface it had acquired and the defendant proceeded to mine the mineral property it had acquired. During the defendant's mining operations subsidences occurred in the surface until, on March 23, 1912, a "cave-in" occurred on the plaintiff's surface causing injury to its buildings. In 1913 the plaintiff brought an action against the defendant in the Court of Common Pleas of Lackawanna County, Pennsylvania, praying, first, for an injunction restraining the defendant from mining and removing coal from under its surface property and second, for compensation for injuries done its land and the improvements thereon. The issues pleaded in that suit were the plaintiff's right to both vertical and lateral support from the defendant's servient estate and negligent mining. The case was decided, however, and the bill dismissed on the single issue of vertical support. The other two issues had dropped out of the case, the court announcing that:

"The question of negligent mining has been taken out of the case by amendment and the question of lateral support is not involved."

From the decree of the Court of Common Pleas the plaintiff took an appeal to the Supreme Court of Pennsylvania. In March, 1914, that court handed down an opinion by Mr. Justice Mestrezat, treating the question of vertical support, like the court below, as the only question involved. The opinion opened with a statement of the action as follows:

"This is a bill in equity filed by the owner of the surface to restrain the owner of the *underlying* mineral estate from mining and removing the mineral without leaving or erecting sufficient pillars and artificial supports to protect the surface."

Quoting only that portion of the reservation in the deed conveying the surface estate, namely, "Excepting and reserving * * * all the coal and minerals beneath the surface * * * of said lot," etc., the learned justice proceeded to state the law of Pennsylvania with respect to the right of the owner of the mineral estate to mine and remove coal "from underneath" the surface estate owned by another when, as in this case, that right had been reserved in the conveyance of the surface and liability for injuries had been released by the grantee. Concluding, the Supreme Court affirmed the decree of the Court of Common Pleas. 244 Pa. 592, 91 Atl. 508.

On January 13, 1918, the plaintiff, a corporation of the state of New

York, brought this action against the defendant, a corporation of the State of Pennsylvania, in the District Court of the United States for the Middle District of Pennsylvania—invoking its jurisdiction on the single ground of diverse citizenship—to recover damages for injuries both to the surface and buildings resulting from the same subsidence that was the cause of the action in the state court, alleging as its right for recovery an invasion by the defendant of the right of lateral support to its surface, negligent mining affecting that right and negligent mining directly underneath its surface. To this statement of claim the defendant filed an affidavit of defense raising, as though by demurrer, the question of law that all these issues had been tried, or might have been tried, in the action in the state court, and that, accordingly, they were res judicata. In this contention it was sustained by the District Court and a judgment was entered in its favor for reasons stated by the learned trial judge in his opinion in the case of Guzzi v. Delaware & Hudson Co. (D. C.) 256 Fed. 719, later affirmed by this court in an opinion reported at 266 Fed. 513. On appeal this court, distinguishing the instant case from that of Guzzi v. Delaware & Hudson Co., held that the judgment of the District Court, so far as it related to the plaintiff's claim for damages founded on negligent mining underneath its surface estate, should be affirmed, but that so much of it as related to the claim for damages based on its alleged right to lateral support, and upon the charge of negligent mining affecting that right, were not res judicata and should be reversed and that a new trial on these issues should be awarded. 266 Fed. 798, 805. A new trial was had on these issues, that is, on a violation of the plaintiff's right to lateral support of its surface estate from the defendant's subjacent mineral estate and the defendant's negligent mining affecting that right, and on their submission the jury rendered a verdict for the plaintiff.

The judgment entered on the verdict is here for review on the defendant's writ of error.

There are many assignments of error; only two, in our opinion, require discussion. These are: Whether the court properly instructed the jury on the law of lateral support and of negligent mining in respect thereto; and whether, if the instructions were without error, the evidence supports the verdict of the jury.

[1] As the question of law under discussion concerns property rights—rights of surface property and rights of mineral property, where both properties are situate in the State of Pennsylvania—we are called upon to enforce not a federal law but the law of the State of Pennsylvania as we find it. From the many cases cited, the law, as it bears on the issues in this case, is substantially as follows:

Where there is a separation of the minerals from the surface without words of limitation in the conveyance, the mineral estate owes a servitude of sufficient support to the superincumbent estate. This is called "surface support." It may be either vertical or lateral. Jones v. Wagner, 66 Pa. 429, 5 Am. Rep. 385; Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592, 91 Atl. 508; Youghiogheny Co. v. Allegheny Bank, 211 Pa. 319, 324, 60 Atl. 924, 69 L. R. A. 637.

"This is an absolute right arising out of the ownership of the surface. Good or bad mining in no way affects the responsibility; what the surface owner has a right to demand is, sufficient support, even, if to that end, it be necessary to leave every pound of coal untouched under his land." Noonan v. Pardee, 200 Pa. 474, 482, 50 Atl. 255, 256 (55 L. R. A. 410, 86 Am. St. Rep. 722).

Where, however, the owner in fee of the entire estate grants the mineral estate, he may, by appropriate words in the deed of conveyance, part with or release his right to surface support, either vertical or lateral, or both, and when he does so his grantee, and those claiming through him, may mine all the coal even though it should result in the surface falling in. Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592, 91 Atl. 508. The owner of the entire estate may likewise grant the surface of the land and reserve the mineral estate with the right to mine and remove it without liability for injury or damage done to the surface, and in such case the grantor, or those claiming through him, may mine and remove all the coal without being compelled to support the surface. The owner of the servient estate is then liable only for improper or negligent mining. In such case removal of all the coal does not constitute negligent working of the mine, and if such removal causes a subsidence of the surface, the owner of the mineral estate will not, in the absence of positive negligence, be liable to the owner of the surface for resulting injuries. Kellert v. Rochester & Pittsburgh Coal & Iron Co., 226 Pa. 27, 74 Atl. 789.

[2] But we are not here concerned with a question of vertical support. Graff Furnace Co. v. Scranton Coal Co. (C. C. A.) 266 Fed. 798. We are concerned rather with a vertical subsidence caused by the removal of lateral support—lateral support being a duty which, not having been released, the owner of the subjacent estate owed the owner of the surface. This duty of lateral support is not in all respects the same as that of vertical support. Noonan v. Pardee, 200 Pa. 474, 488, 50 Atl. 255, 55 L. R. A. 410, 86 Am. St. Rep. 722. It is distinctly not the same in this case because the right to mine the coal *beneath* the surface was reserved in the deed of conveyance and the duty of vertical support never arose. But there is in this case no reservation with respect to the right to mine coal in subjacent estates; nor is there a release from the duty of lateral support which the subjacent estate owed the surface estate. Therefore the case is controlled by the abstract rules of law with respect to the right of lateral support and liability for an invasion of that right.

[3] English and American courts generally have held that the right of an owner of land to the support of the land adjoining is jure naturæ. So absolute is this right that if a neighbor digs upon or improves his own land so as to injure this right of lateral support, the owner whose right is invaded may maintain an action against him without proof of negligence. Gilmore v. Driscoll, 122 Mass. 199, 201, 23 Am. Rep. 312; Foley v. Wyeth, 2 Allen (Mass.) 131, 79 Am. Dec. 471, both cited and followed in Matulys v. Coal & Iron Co., 201 Pa. 70, 50 Atl. 823. So the Supreme Court of Pennsylvania has said that the right to such lateral support is an absolute one, and the adjoining owner who withdraws it in mining whether negligent or not, is liable

for injuries resulting to his neighbor's land. McGettigan v. Potts, 149 Pa. 155, 24 Atl. 198; Matulys v. Coal & Iron Co., supra. But this right of property, absolute though it be, is only in the land in its natural condition and, in an action, damages are limited to injury to the land itself and do not include any injury to the buildings or improvements. Matulys v. Coal & Iron Co., supra. To be liable in damages for injury to buildings, negligence must appear in the withdrawal of the lateral support or want of due care in mining or excavating.

While many cases on the question of vertical support are found in the Pennsylvania reports, but few are cited on the question of lateral support. The one on which the defendant chiefly relies is Home Brewing Co. v. Thomas Colliery Co., 274 Pa. 56, 117 Atl. 542. There, too, the Supreme Court laid down the rule that in the absence of malice or negligence, the right of lateral support is restricted to land in its natural condition, and, to be liable in damages for injury to buildings, negligence must appear in the withdrawal of support. In elaborating this rule the court said:

"Skillful and careful mining is applied to the manner of taking out, not to the fact of taking out; all the coal may be taken out without violating this stipulation. Miles v. N. Y. S. & W. Coal Co., 250 Pa. 147, 154, 95 Atl. 397; Youghiogheny River Coal Co. v. Allegheny National Bank, 211 Pa. 319, 323, 60 Atl. 924, 69 L. R. A. 637; Kellert v. Rochester & Pittsburgh Coal & Iron Co., 226 Pa. 27, 30, 74 Atl. 789."

To this statement the defendant points for complete exoneration from liability, claiming that, if found to have violated its duty of lateral support, it did it carefully. Being alert always to follow state law when a state question is solely involved, we are of opinion, nevertheless, that the law of the Home Brewing Company Case does not rule the case at bar, for two reasons: First, it was a suit for an injunction in which negligence was neither averred nor proved; and second, the distinction which the court made (speaking of careful mining), between the manner of taking out coal and the fact of taking it out, concluding with the statement that "all the coal may be taken out without violating this stipulation," was based upon cited authorities which dealt not with questions of lateral support but exclusively with questions of vertical support, where the right to mine all the underlying coal had been granted or reserved (or there was a release from or an indemnity for consequent injuries), and where in such instances no responsible duty of vertical support to the surface remained. The only duty imposed upon the grantees in these cases was that of avoiding negligence in exercising their right to mine and remove coal, differing from this case where the right to mine coal was at no time reserved by or released to the subjacent estate thereby relieving it of the duty to give lateral support to the surface estate. We believe the case at bar is more clearly ruled by Matulys v. Coal & Iron Co., 201 Pa. 70, 50 Atl. 823, than by any other Pennsylvania decision brought to our attention. Curiously enough, both parties rely upon it. That action, like the one at bar, was for injury to the plaintiff's surface by the withdrawal of lateral support and injury to buildings by reason of negligent mining. Here again the Supreme Court laid down unvaryingly the absolute duty of lateral support when not released, irrespec-

tive of the terms of the deed and irrespective of any question of negligence. But the law of the case is mainly on the question of negligence. On this question the trial judge, evidently influenced by the maxim, "sic utere tuo, ut alienum non lædas," quoted in Youghiogheny Co. v. Allegheny National Bank, 211 Pa. 320, 324, 60 Atl. 924, 925 (69 L. R. A. 637), charged the jury:

"That an owner of adjoining property owes the duty of lateral support to his neighbor *and may not so conduct his operations* of quarrying and mining upon his own lands *as to injure* his neighbor's property. * * * Therefore we hold * * * that there was a duty upon this defendant *to so mine its coal* as not to disturb and injure the surface of the Matulys lots."

Under this instruction the jury found $500 damages for injury to buildings arising from negligent mining and $2,000 for injury to the surface of the lots by reason of the withdrawal of lateral support. The Supreme Court reversed the judgment on the damages awarded for injury to the buildings. It made this reversal, as we read the opinion, not because it entertained a different view from that of the trial judge on the law of negligence but because it found no proof of negligence. (The facts are not given.) On the contrary the court found that the defendant—

"can fairly say that even if it did not properly support its own surface it should not be charged against it that it should reasonably have anticipated what happened to the plaintiff's surface and the improvements on the same by reason of its failure to support its own surface."

On the law of negligence the Supreme Court expressed an opinion, not in the words, but in the spirit of the instruction which the trial judge gave the jury, to the effect that—

"Negligence or want of due care in withdrawing lateral support in excavating or mining on adjoining land, for which there is liability for injury to a neighbor's buildings, means positive negligence or manifest want of due care in the excavations or mining *so far as they affect, or are likely to affect,* adjoining *improvements.*"

The instruction which the learned trial judge gave the jury in the case at bar was in harmony with this decision.

In the light of this law we shall look upon the facts of this case and determine whether they sustain the verdict of the jury.

[4] The verdict does not cover damages to the surface in its natural condition because the plaintiff, for reasons of its own, failed to prove injury to the surface and, accordingly, the learned trial judge quite correctly instructed the jury to allow none. The sole question therefore is whether the evidence will sustain a finding of negligence and resulting damages to the buildings.

The plaintiff introduced evidence tending to prove that the mining operations of the defendant consisted of the robbing of pillars and that these operations began some distance up the hill and moved eastwardly toward the plaintiff's property; that as pillars were robbed, ceilings fell and corresponding subsidences occurred on the surface; that the advance of mining operations toward the plaintiff's property was long registered by the advance of subsidences on the surface; that if the defendant continued its mining operations as then conducted the

withdrawal of the lateral support from and the subsidence of the plaintiff's property were obvious and inevitable; that the .blasting charges which the defendant used were large or, in the circumstances, excessive; that its operation in completely withdrawing pillars within a few feet of the plaintiff's property was unsafe and contrary to good mining when considered with reference to its duty of lateral support; and that in view of the many workings of the mine and its honeycombed condition the complete robbing of pillars in subjacent territory was in reckless disregard of the plaintiff's right of lateral support and of the defendant's duty to afford the same. There was enough evidence here to sustain a verdict for the plaintiff.

The defendant's evidence went to the point that its method of mining was not negligent because it was of the kind ordinarily pursued in robbing pillars and letting down ceilings, its contention being that so long as it robbed pillars and let down ceilings carefully it could violate its duty of lateral support without liability for injury to buildings. There was enough evidence here to sustain a verdict for the defendant. The evidence being in conflict, it was for the jury to decide, and having accepted the evidence for the plaintiff, it is beyond our function to say that the jury was wrong. Accordingly, we are of opinion that the learned trial judge committed no error in submitting the issue of negligence and that on the submission there was sufficient evidence to sustain the verdict for the plaintiff.

We have considered the many other assignments of error and resolve them without discussion against the defendant.

The judgment below is affirmed.

BUFFINGTON, Circuit Judge (dissenting.) In this case the court below, referring to defendant's pillar drawing on its own property, which adjoined plaintiffs' charged the jury:

> "That if the pillars of coal which were left in the Diamond vein, as well as the rock vein, or any other vein, *were removed* immediately adjoining and outside and beyond the boundary of the plaintiff's premises, coupled with the negligent use of explosives *or otherwise*, you may hold the defendant responsible for the injury occasioned to his premises, that is, to the surface and the building erected thereon."

It seems to me this left the jury free to base a verdict for the plaintiff on two, if not three, different grounds: First, if the pillars "were removed immediately adjoining * * * the plaintiff's premises, * * * occasioning the damage to the plaintiff's premises"; second, if the removal of such pillars was "coupled with the negligent use of explosives"; and, third, if the removal of the pillars was not coupled with the negligent use of explosives, but by some course covered by the phrase "or otherwise."

That the first alternative, viz. the mere removal of pillars in the adjoining property, did not justify a recovery for damages to structures on adjoining property, is the settled law of Pennsylvania. McGettigan v. Potts, 149 Pa. 158, 24 Atl. 198; Matulys v. Coal Co., 201 Pa. 70, 50 Atl. 823. As to the second ground, the negligent use of explosives, the plaintiff's proofs, by the witnesses who did the work or knew its character, not only negatively disprove any negligent use of explosives

by them, but affirmatively show the usual and customary use of explosives by miners. As the third ground submitted to the jury by the phrase "or otherwise" was unsupported by any proof, it simply left the jury free to conjecture.

Satisfied as I am that this verdict should not, in view of the charge and the lack of proof, be sustained under the law of Pennsylvania as pronounced by its Supreme Court, I respectfully record this my dissent.