# Weller *v.* Davis, Appellant.

*Practice, S. C.—Assignments of error—Refusal of trial judge to strike out testimony—Instructions to jury to disregard testimony—Refusal of instructions.*

1. Where no objection has been made to testimony at the time when it was offered, the refusal of the trial judge to strike it out cannot be reviewed by the Supreme Court. In such case counsel should request the court to instruct the jury to disregard the testimony, and the refusal of such request may be assigned as error.

*Mines and mining—Surface support—Removal of coal—Injuries to buildings on land—Evidence—Negligence—Instructions to jury —Damages.*

2. In an action to recover damages for injuries to plaintiff's house and the surface of plaintiff's land resulting from the removal of the coal which underlay the surface, the refusal of the court to admit in evidence the lease for the coal was not reversible error, where plaintiff admitted that defendant was entitled to mine the coal, and made no claim for the value thereof.

3. Where the jury inspected the premises and the trial judge charged that "your own eyes and your own observation of what you saw is the best possible evidence that can guide you. Sworn testimony as a rule cannot be relied upon thoroughly, because there is always more or less contradiction—honest men differ —but what you see, that is within your own personal knowledge, coming to you especially in your official capacity as jurymen, is the best possible evidence to guide you gentlemen in getting at the truth," he went no further than the acknowledged rule that the jury may make use of the knowledge acquired by a view of the premises, for the purpose of enabling them better to understand the testimony of the witnesses, and the defendant was not injured, where the attention of the jury was directed specifically to the testimony of the plaintiff's witnesses as to the amount of the damages, and where the verdict was for an amount equal to the lowest estimate of the damages.

4. Where there was evidence that the use of dynamite in defendant's mine for blasting disturbed the property of plaintiff, the court made no error in submitting this question to the jury, and the contention of defendant that the evidence did not support any claim for damages due to blasting was without merit.

5. In such case it was harmless error to refuse a point submitted by defendant which instructed the jury that plaintiff was not the owner of the coal under his lot, where an item in the statement of claim claiming damages for coal taken was not supported by evidence, and where at the trial the claim for damages was limited to the depreciation in value of plaintiff's land and buildings.

6. Where the statement of claim alleged that defendant had removed the pillars which were the direct and lateral support of plaintiff's land, thereby causing the damages for which recovery was brought and where there was some evidence that defendant was negligent in the performance of the work, the trial judge made no error in refusing to charge the jury that negligence was not alleged or proved.

7. In such case the trial judge made no error in refusing to affirm a point which instructed the jury that the measure of damages for the removal of lateral support is the injury to the land in its natural condition, and cannot include injury to buildings or other improvements, where there was some evidence of negligence, and where the point was defective in containing no qualification that where negligence is shown, damages for injury to the buildings and improvements may be recovered.

Argued Feb. 17, 1914.    Appeal, No. 276, Jan. T., 1913,

by John H. Davis, from judgment of C. P. Schuylkill Co., Nov. T., 1911, No. 297, on verdict for plaintiff in case of Charles Weller v. Ellsworth Colliery—John H. Davis. Before Brown, Mestrezat, Potter, Elkin and Mosch-zisker, JJ.  Affirmed.

Trespass to recover damages for injuries to the surface of land caused by coal mining operations.   Before Brumm, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,600.00 and judgment thereon.  John H. Davis appealed.

*Errors assigned* were various rulings on evidence, instructions to the jury and answers to points referred to in the opinion of the Supreme Court, and the third assignment which was as follows:

3. The court erred in its charge to the jury, as follows:

...... "To enable you to get at the truth I have said this for the purpose of informing you of the fact that your own eyes and your own observation of what you saw is the best possible evidence that can guide you. Sworn testimony as a rule cannot be relied upon thoroughly, because there is always more or less contradiction—honest men differ—but what you see, that is within your own personal knowledge, coming to you especially in your official capacity as jurymen, is the best possible evidence to guide you gentlemen in getting at the truth."

*Geo. M. Roads,* for appellant.

*William Wilhelm,* for appellee.

Opinion by Mr. Justice Potter, May 11, 1914:

The plaintiff in this case is the owner of a lot of ground with a two-story frame house erected thereon, situated at New Castle, Schuylkill County.  It appears from the

record that the defendant operated a coal mine, part of which was situated directly under plaintiff's land. Between the years 1908 and 1911 plaintiff's ground cracked and settled to such an extent that the house was badly damaged. It was alleged, and testimony was offered on behalf of plaintiff in the court below, tending to show that the injury to the property resulted from the removal by defendant of coal, which was necessary to the support of the surface of the land, and that this caused the ground to sink and crack, and resulted in the wreck of the house. Defendant on the other hand endeavored to show that the damage resulted from operations in an adjacent mine for which he was not responsible. The trial resulted in a verdict for plaintiff. From the judgment entered upon this verdict the defendant has appealed. The first assignment of error, is to the action of the trial judge in sustaining an objection on behalf of plaintiff, to the admission in evidence of the lease to defendant for the coal mine which underlaid plaintiff's ground. The lease was offered for the purpose of showing defendant's title to the coal and his right to mine it, and also for the purpose of contradicting plaintiff's claim that he was the owner of the coal beneath the surface. It appears however, that plaintiff admitted at the trial, and here admits, that defendant was entitled to mine the coal, and plaintiff made no claim at the trial for the value of the coal. The exclusion of the lease does not therefore appear to have resulted in any harm to appellant. The second assignment of error is to the refusal of the court below to strike out certain testimony of the witness, Strauch, given, while under cross examination, in reply to questions of the trial judge. No objection was made to the testimony at the time when it was offered. The refusal to strike it out is therefore not the subject of review here. The proper course for counsel to have pursued, was to have requested the court to instruct the jury to disregard the testimony. The re-

fusal of such a request might have been assigned as error.  McDyer v. East Penna. Rys. Co., 227 Pa. 641.

In the third assignment, it is alleged that the trial court erred in charging the jury with respect to the effect as evidence, of what they had personally seen while inspecting the premises.  We do not feel however, that the comment of which complaint is made, necessarily went further than the acknowledged rule, which is, that the jury may make use of knowledge acquired by a view of the premises, for the purpose of enabling them better to understand the testimony of the witnesses, and to determine the relative weight of conflicting testimony as to the values.  Without doubt they could use the evidence of their senses to that extent, at least.  The amount of the verdict does not indicate that the jury ignored the testimony of the witnesses.  Evidence offered upon behalf of plaintiff tended to show that the property before the injury was worth from $3,000.00 to $3,500.00 and afterwards was worth from $200.00 to $400.00.  That indicated a minimum depreciation of $2,600.00, which was the amount of the verdict.  Some of the estimates would have justified a larger award.  We think the testimony was sufficient if credited, to support a finding by the jury that defendant was responsible for the injury to plaintiff's land and buildings.  In his general charge the trial judge, after using the language of which complaint is made in the third assignment, called the attention of the jury specifically to the testimony of the plaintiff's witnesses as to the amount of damages.  Defendant offered no evidence on this subject.  In the fourth assignment of error counsel for appellant cites a portion of the charge which included a reference to the disturbance of vertical support of the property by blasting, and it is alleged by counsel, that the evidence does not support any claim for damages due to blasting by defendant.  An examination of the record does show that dynamite was used for blasting in appellant's mine, and there was testimony tending to show that this blasting disturbed

the property of appellee. We think this evidence was sufficient to justify the submission of that question to the jury. In the fifth assignment, it is alleged that the trial judge erred in refusing to affirm a point which in- structed the jury that the plaintiff was not an owner of the coal under his lot. It is conceded that the court below erred in this respect, but it is contended that the error was harmless. In plaintiff's statement there was a claim for the value of coal taken. But no evidence was offered in support of this item, and on the trial the claim for damages was limited to the depreciation in value of the land and buildings. Nothing else seems to have been submitted to the jury in the charge. It is not therefore apparent that the error in answering the point could have harmed the defendant in any way. The sixth and seventh assignments of error are to instruc- tions to the jury given in answer to points submitted by defendant, setting forth that negligence was not charged in plaintiff's statement, and that there was no evidence from which the jury could find that the defendant was negligent in the work of removing the coal. While in his statement plaintiff did not charge defendant with such negligence directly, he did aver that defendant has "been pursuing a method known as 'robbing' certain veins and has taken away the pillars that were the direct and lateral support to the surface of plaintiff's lot, thereby causing" the damages for which recovery was sought. This charge was supported by the testimony. In the case of Noonan v. Pardee, 200 Pa. 474, this court said (p. 482): "Where there has been a horizontal di- vision of the land, the owner of the subjacent estate, coal or other mineral, owes to the superincumbent owner, a right of support. This is an absolute right arising out of the ownership of the surface. Good or bad mining in no way affects the responsibility; what the surface owner has a right to demand is, sufficient support, even, if to that end, it be necessary to leave every pound of coal untouched under his land." This doctrine was

again reiterated in Berkey v. Coal Mining Company, 229 Pa. 417. In the present case it was therefore unnecessary for plaintiff to prove negligence on the part of defendant, in order to maintain his action and the jury might have been so instructed. There was, however, some evidence tending to show that defendant was negligent in the performance of the work, and the trial judge therefore rightfully refused to instruct the jury that there was no such evidence. The ninth assignment of error, is to the refusal to affirm a point that the measure of damages for the removal of lateral support is the injury to the land in its natural condition, and cannot include injury to buildings or other improvements. The point was defective in that it contained no qualification, that where negligence is shown, damages for the injury to buildings and improvements may be recovered. In Matulys v. Coal & Iron Co., 201 Pa. 70, our Brother Brown said (p. 76): that "there can be no recovery for injuries to buildings or improvements resulting from the withdrawal of such support, in the absence of proof of negligence or carelessness in excavating or mining on the adjoining land." Further on in the same opinion it is said (p. 77) that "for an injury to buildings......an action can only be maintained when a want of due care, or skill, or positive negligence, has contributed to produce it." As there was some evidence of negligence in this respect it was not error to decline the point as drawn. We see no merit in any of the other assignments of error.. The case was clearly one for the jury, and in the manner of its presentation, we find nothing which amounts to reversible error. The verdict seems to have been warranted by the evidence.

The assignments of error are all overruled and the judgment is affirmed.