### GRAFF FURNACE CO. v. SCRANTON COAL CO.

(Circuit Court of Appeals, Third Circuit. July 30, 1920.)

No. 2502.

1. **Judgment ⬤⇒948(1)—Defense of res judicata must be pleaded.**
   The defense of res judicata must be both pleaded and proved.

2. **Appeal and error ⬤⇒916(2)—Appellate court will assume, in absence of objection, that defense of res judicata was properly raised.**
   Where the District Court entered a judgment for defendants on the pleadings on the ground of res judicata, though that defense was not pleaded in the affidavit of defense, and no point was made on writ of error of the failure to specifically plead it, the appellate court will assume that the defense was properly presented below.

3. **Judgment ⬤⇒609, 713(2)—Subsequent suit on different cause of action barred only as to matters litigated.**
   Where the subsequent suit between the same parties is based on the same cause of action, the prior judgment concludes all matters which might have been litigated in the prior action; but, if the subsequent suit is on a different cause of action, the prior judgment concludes only issues actually litigated.

4. **Action ⬤⇒1—"Cause of action" comprises acts necessary to prove.**
   The "cause of action" is the ground on which the action may be sustained, and comprises every fact which plaintiff must prove to obtain judgment, or which the defendant may traverse.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cause of Action.]

---

**5. Judgment** ⬅590(5)—**Causes of action removed from former case by amendment not included.**

Where the state law recognizes separate causes of actions for damage to surface by breach of duty to support, by negligent mining, and by removal of lateral support, a former judgment is not conclusive against recovery for negligent mining, where that issue was eliminated from the bill by amendment.

**6. Judgment** ⬅590(5)—**Cause of action may be withdrawn before decision without being barred.**

Where amended bill in previous action stated two causes of action, plaintiff could withdraw before hearing either of them, and not be barred from renewing the cause of action so withdrawn.

**7. Judgment** ⬅590(2)—**Decision of state Supreme Court limited to cause of action decided below.**

Where the decision of the state lower court was based solely on denial of plaintiff's right to vertical support of the surface, the decision of the state Supreme Court that plaintiff was not entitled to surface support, though general enough to include lateral as well as vertical support, must be restricted to the question of the vertical support, so as not to bar a subsequent action for damages caused by withdrawal of lateral support.

**8. Mines and minerals** ⬅55(2)—**Reservation of mining rights in grant of surface does not authorize removal of lateral support.**

The reservation in a grant of surface of the right to mine coal thereunder without any liability whatsoever does not authorize the removal of lateral support from the surface by mining the coal under adjacent lands.

**9. Mines and minerals** ⬅55(6)—**Reservation of surface held to release damages for negligent mining.**

A reservation, in the grant of surface lands, of the right to mine the coal thereunder without incurring in any event whatever any liability for injury to the surface, prevents recovery by the holder of the surface rights of damages to the surface caused by negligent mining.

Buffington, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Action by the Graff Furnace Company against the Scranton Coal Company. Judgment for defendant, and plaintiff brings error. Affirmed in part, and reversed in part.

Thomas P. Duffy, of Scranton, Pa., for plaintiff in error.

John P. Kelly and James E. Burr, both of Scranton, Pa., for defendant in error.

Before BUFFINGTON and WOOLEY, Circuit Judges, and RELLSTAB, District Judge.

RELLSTAB, District Judge. In this case the United States District Court entered judgment for the defendant on the pleadings, on the ground that the questions sought to be litigated had been settled by a decree of the Pennsylvania state court in a suit between the same parties. The suit is by the owner of the surface estate, to recover damages from the owner of the underlying mineral estate, for injuries sustained by the subsidence of such surface. The lands are situated in the state of Pennsylvania. In the District Court, on motion of the plaintiff, its original and amended bills and the defendant's answer, filed in the state court suit, were made a part of

the record in this case. The injuries complained of are the same in both suits. As the court below disposed of the case on the pleadings, a reference to those filed in both suits is necessary.

The pleadings in the state court suit show that the plaintiff there sought to enjoin the defendant from mining its coal from underneath the surface of plaintiff's lands "in any other than a legal, careful, and workmanlike manner, and from mining  *   *   *   without leaving or erecting sufficient pillars and artificial supports to fully protect the surface of said land," and to recover the damages "already suffered, by reason of the illegal mining of the defendant under the surface of said tract of land, and under the surface of lands adjacent thereto." In that suit the plaintiff filed original and amended bills. .In the original bill plaintiff alleged that it had the right of support for the surface of such lands, both vertically and laterally; that it had been injured in such right on two occasions, on both of which a serious cave-in occurred.

As to the first of these, the plaintiff alleged that it was due to the "unskillful, negligent, and careless manner in which the mining operations of the defendant had been  *   *   *  carried on," and that the second was due to the "improper mining underneath said land and underneath land adjacent thereto." It further alleged that such injuries were due to "illegal, reckless, careless, and negligent mining and removal of coal and pillars from underneath the surface of said land and of lands adjacent thereto, without leaving or providing sufficient vertical and lateral support to support the surface of said land"; that such mining was what is known as the "robbing of pillars  *   *   *  left standing since previous mining"; and that defendant had "not left sufficient pillars and supports to fully sustain and protect the surface of plaintiff's lands,  *   *   *  in violation of law and in violation of its duty to leave sufficient pillars or supports to support the surface without disturbance."

In its amended bill, a substitute for the original, the allegations that plaintiff had the right of support, both vertically and laterally, are reiterated. However, in assigning the causes of the injury, the amended complaint did not in terms charge illegal, unskillful, and reckless mining, but only that the injuries were due to "the mining operations of the defendant,  *   *   *  the withdrawal of the surface support by mining operations of the defendant underneath said land and underneath lands adjacent thereto," and the "removal of coal and pillars from underneath the surface of said land and of lands adjacent thereto, without leaving or providing sufficient vertical and lateral support to support the surface of said land." In all other respects, including the allegations of robbing or destroying the pillars necessary to insure sufficient support for the surface of plaintiff's land, in violation of law and duty, and the relief sought, the two bills were the same.

The defendant answered only the original bill, but its answer was treated as applicable to the amended bill. Besides making a general denial to the plaintiff's pertinent allegations, this answer asserted the defendant's right to mine under the land described in plaintiff's bill,

and also that it was not mining under such lands "at the time said bill was filed, so as to endanger the surface thereof."

In its declaration filed in the District Court the plaintiff alleged that, in mining and removing the coal underlying the plaintiff's and adjoining lands, the defendant fired "large quantities of dynamite and other high explosives under said land, or under adjoining land"; that the concussions and vibrations of air therefrom "were heard and felt on the surface of said land"; that the plaintiff was injured in its surface and property rights by the defendant's failure to provide lateral support for such land, and by "the careless, unskillful, and negligent manner in which defendant conducted its aforesaid mining operations"; that plaintiff's "claim to surface support was decided adversely to it" in its suit against the defendant brought in the state court of Pennsylvania; that the question of its "right to lateral support or of the negligent mining of defendant was not raised, considered, or decided" in that suit.

The plaintiff's allegation that its right to lateral support was not raised in the state court suit is erroneous. Such right was distinctly asserted in both the original and amended bills, and was put in issue by the defendant's answer.

[1, 2] In the present suit the defendant interposed no answer, but filed an affidavit of defense, intended only to raise questions of law. This affidavit is couched in the most general language, and in no way suggests the defense of res judicata. Such a defense should be both pleaded and proved. Southern Pac. Ry. Co. v. United States, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355; United States v. Bliss, 172 U. S. 321, 19 Sup. Ct. 216, 43 L. Ed. 463; Delaware, L. & W. R. Co. v. Kutter (C. C. A. 2) 147 F. 51, 77 C. C. A. 315. However, as the case was disposed of by the District Court on the ground of res judicata, and as no point is made here of the defendant's failure to specifically plead that defense, this court will assume that it was properly presented (perhaps by stipulation), and will proceed to consider whether it is applicable to the present suit.

In approaching the question of estoppel by the former judgment, it is well to keep in mind that the plaintiff in the present suit asserts that the injuries sustained by it were occasioned in two ways, one through negligent mining, and the other by depriving it of lateral support. As noted, these grounds, with the additional one of being deprived of vertical support, were alleged by the plaintiff in its original bill in the suit in the state court.

[3] In Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195, the leading case expressing the modern rule of res judicata, the difference in the effect of a judgment as an estoppel in a later action between the same parties, where the suits are upon the same or a different cause of action, is stated to be:

"In the former case [on the same demand] the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * * But, where the

second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

[4] As the defendant contends that the different grounds asserted by the plaintiff in its suit in the state court, as the cause of the injuries complained of, constitute but one cause of action, we shall first consider that contention. The term "cause of action" is variously used, and sometimes loosely and indefinitely applied. It is erroneous to regard it as synonymous with "remedy." The Haytian Republic, 154 U. S. 118, 128, 14 Sup. Ct. 992, 38 L. Ed. 930; Emory v. Hazard Powder Co., 22 S. C. 476, 53 Am. Rep. 730. While there can be no cause of action without an injury, there may be injury without a right (cause) of action. To constitute a cause of action, there must be both a legal right and a wrongful invasion of it. It is "the ground on which an action may be sustained." Black's Law Dict. (2d Ed.) p. 178. It is "that which produces or effects the result complained of." Noonan v. Pardee, 200 Pa. 474, 50 Atl. 255, 55 L. R. A. 410, 86 Am. St. Rep. 722. It comprises every fact which the plaintiff must prove to obtain judgment, or, conversely, every fact which the defendant may traverse. Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121; Bradford v. Southern Ry. Co., 195 U. S. 243, 249, 25 Sup. Ct. 55, 49 L. Ed. 178. The injury sustained, while single, may be due to the invasion of more than one legal right. But only that declared upon in the plaintiff's pleadings is the cause of action of that particular suit. Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528. "The true test of the identity of causes of action is the identity of the facts essential to their maintenance." Union Cent. Life Ins. Co. v. Drake (C. C. A. 8), 214 F. 536, 131 C. C. A. 82.

[5] In Pennsylvania land strata can be separated, and the coal owned in fee by one person and the surface by another. The courts of that state recognize a distinction between the right of the surface estate to lateral support and its right to vertical support and hold that the wrongful failure to furnish the one or the other constitute different causes of action. They also hold that one injured in his surface rights by the removal of lateral support cannot maintain an action upon the sole allegation that the injury is due to the removal of the vertical support. Noonan v. Pardee, supra. See, also, Weller v. Davis, 245 Pa. 280, 91 Atl. 664.

They also distinguish between the right to recover damages for a subsidence of the surface lands, where the defendant is under the duty of absolute support, and where, though not under such obligation, he causes the injury through negligent mining. Youghiogheny River Coal Co. v. Allegheny Nat. Bank, 211 Pa. 319, 60 Atl. 924, 69 L. R. A. 637, and cases cited. However, there is nothing to prevent a plaintiff in one suit from alleging all three causes of action. Pringle v. Vesta Coal Co., 172 Pa. 438, 33 Atl. 690; Noonan v. Pardee, supra.

Turning, now, to the subject-matter of the present litigation: The plaintiff was injured in its property by the subsidence or cave-in of the surface land, which it owned and had improved. It charges that this injury was due to the mining operations of the defendant, the owner of the subjacent estate. In its suit in the state court it first alleged that the defendant owed it the duty of both vertical and lateral support, and that it (the defendant) was mining in a negligent and illegal manner. Here it is to be observed that different grounds of liability are alleged. They involve different rights in the plaintiff and different breaches by the defendant. If the defendant was under the absolute obligation to support the plaintiff's surface rights, and the cave-in was due to the defendant's mining operations, the question whether the mining was done carefully or negligently was irrelevant and immaterial. Carlin v. Chappel, 101 Pa. 352, 47 Am. Rep. 722; Noonan v. Pardee, supra. But where no such duty of support was owing, and the injuries were alleged to be due to negligent mining, the method of carrying on the mining operations would be relevant. Weller v. Davis, supra, and cases cited.

The state trial court dismissed the plaintiff's bill, on the ground that the defendant did not owe the plaintiff any duty of vertical support. With reference to the other grounds of liability it said:

"The question of negligent mining has been taken out of the case by an amendment, and the question of lateral support is not involved."

[6] Why the question of lateral support was not involved is left to inference. As noted, it remained in the case as one of the issues tendered by the amended bill, and the right to recover on that ground, as well as on the other grounds, was denied by the defendant's answer. However, the plaintiff had a right to withdraw any of the alleged causes of action, and to give evidence to support but one of them, without being barred from renewing the causes of action not pressed for decision. See Bigelow on Estoppel (6th Ed.) pp. 185–188, 208–210; Goodrich v. Yale, 8 Allen (Mass.) 454; Haviland v. Fidelity Ins. Co., 108 Pa. 236; Stark v. Starr, 94 U. S. 477, 24 L. Ed. 276; Beltz v. Great Western Lead Mfg. Co. (D. C.) 251 Fed. 696, 700. A different rule would be applicable, if some evidence had been offered in support of the alleged right to lateral support, but insufficient to sustain the right. Bigelow on Estoppel, supra, pp. 14, 208–210.

As the trial court did not decide the alleged causes of action involving the charges of negligent mining and breach of the duty of lateral support, its decision that the defendant owed the plaintiff no duty of vertical support is not res judicata of such undecided causes of action, and bars only such matters or questions as were actually litigated and determined in the cause that was decided. Cromwell v. County of Sac, supra. What were such matters? The opinion of the judge who tried the case in the state court shows that he treated "as the real subject of controversy" the exceptions, reservations, and conditions contained in the deed conveying the surface estate in question to the plaintiff's ancestor in title, and to which the grant

to the plaintiff was made subject. These exceptions, etc., are set out in the plaintiff's declaration in the pending suit and are as follows:

"Excepting and reserving, however, to the said party of the first part, its successors and assigns, all the coal and minerals beneath the surface of and belonging to said lot, with the sole right to mine and remove the same, by any subterranean process incident to the business of mining, and also the sole right of passage through or under the said lot, to mine and remove the coal and minerals from any other lands by any subterranean process, without thereby incurring, in any event whatever, any liability for injury caused or damage done to the surface of said lot or to the buildings or improvements which now are or hereafter may be put thereon; and the party of the second part, for themselves, their heirs, executors, administrators, and assigns, does hereby expressly release and discharge forever the said party of the first part, its successors and assigns, and all persons who may have derived title to said coal or other minerals from said party of the first part, of and from any liability for any injury that may result to the surface of said premises, or anything erected or placed thereon, from the mining or removal of said coal or other minerals: Provided, that no mine or air shafts shall be intentionally opened or any mining fixture established on the surface of all said premises."

[7] The Supreme Court of Pennsylvania (Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592, 91 Atl. 508) affirmed this judgment of the trial court and held that, in view of such exceptions and reservations, "the right to surface support" had never passed to the plaintiff or its predecessors in title. The term "surface support," there referred to, though general enough in itself to include lateral support, cannot be so construed. As noted, only the right to vertical support was considered and decided by the trial court, and the sole question which the Supreme Court was called upon to decide was whether the defendant owed the plaintiff the duty of vertical support. The generality of the phrase, judged in the light of both the context and the restricted question submitted to the appellate court, compels its limitation to vertical support.

[8] Furthermore, a reading of these exceptions and reservations evinces that they relate only to rights reserved to the estate immediately underneath the plaintiff's lands, and that the grantee's release and discharge of the surface estate, contained in such exceptions, relates only to injuries resulting from the mining and removal of the minerals from underneath the plaintiff's lands. These exceptions contain no limitation of the grantee's right to lateral support, and the release and discharge of the grantor's liability did not include injuries resulting from failure to afford such support. As these exceptions contained the only controversy decided in the state courts, and as they do not relate to the right to lateral support, it follows that the plaintiff is not estopped by such decision from presenting its claim for damages for a breach of such right.

[9] How do these exceptions affect the cause of action founded on the charge of negligent mining? It is to be noted that they reserve to the owner of the mineral estate the right to mine and remove coal from beneath the surface of the land "by any subterranean process incident to the business of mining, * * * without thereby incurring, in any event whatever, any liability for injury caused or damage done to the surface of said lot," or improvements thereon

or to be put thereon, and the owner of the surface estate expressly releases and discharges the owner of the mineral estate "from any liability for any injury that may result to the surface of said premises or anything erected or placed thereon, from the mining or removal of said coal or other minerals."

In Madden v. Lehigh Valley Coal Co., 212 Pa. 63, 61 Atl. 559, an action founded on negligent mining, the Supreme Court, in a per curiam affirming a judgment for the defendant, based upon exceptions no more comprehensive than the one here considered, said:

"The reservation of the coal and the right to remove it was not that it should be done carefully, or in the usual course of proper mining, but the right was absolute to mine and take away 'without making any compensation * * * for any effect upon or injury to the said lot or the surface thereof, or to the buildings,' etc., in consequence of mining. Avoidance of liability for injury to the surface, however caused, by negligence or otherwise, was the very object of the reservation. As to the coal and method of its removal, the land was reserved to the grantors, and their right remained as unqualified as if the conveyance to the plaintiff had never been made at all."

No case in Pennsylvania has been cited or found, which in any way minimizes the force or modifies the scope of that decision, and we accept it as controlling the plaintiff's claim based on any negligent mining of coal directly beneath its surface estate. Therefore we are of the opinion that the judgment of the District Court, so far as it relates to the plaintiff's claim for damages founded on negligent mining directly underneath its surface estate, should be affirmed, and that so much of it as relates to the claim for damages based on its alleged right to lateral support, and upon the charge of negligent mining affecting that right, should be reversed, and a new trial be had on such issues.

Let a decree to that end be entered.

BUFFINGTON, Circuit Judge (dissenting in part). In a suit between these same parties, the Supreme Court of Pennsylvania, in Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592, 91 Atl. 508, construed the deeds under which the plaintiff claimed, and held that the plaintiff had never acquired and did not have a right to surface support from the defendant, the owner of the underlying coal. As the present decision of our court now allows the plaintiff to recover damages for the withdrawal—by the lateral mining of the defendant of its abutting subjacent coal—of a surface support which the Supreme Court has adjudged it never acquired, it seems to me the practical effect of our court's decision is to nullify the decision of the Supreme Court of Pennsylvania.

I am therefore constrained to record my dissent from the judgment of this court, in so far as it reverses the judgment of the court below and remands the case for further proceedings. I am of opinion the judgment below should have been affirmed.