BLD-301 **(RESUBMIT)**                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-4625 & 13-1162
_____

JOSEPH REAVES,
                                        Appellant

v.

PENNSYLVANIA BOARD OF PROBATION & PAROLE;
CYNTHIA DAUB; DANNY GOSS; ROGER WAY; JOHN GERARDI;
DAVE FREDERICK; DISTRICT DIRECTOR MICHAEL DUDA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-04950)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 22, 2014
Before:  HARDIMAN, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: August 18, 2014)
_____

OPINION
_____

PER CURIAM

When Joseph Reaves filed a complaint against the Defendants in the District

Court, he was a Pennsylvania prisoner serving time on a Philadelphia County conviction

from the 1980s.  Reaves pleaded guilty to, inter alia, raping his adult victim; his

maximum date of incarceration was set as November 21, 2077.

In May 2010, Reaves was granted parole subject to certain special conditions of release, including placement in a Community Corrections Center ("CCC") and acceptance of a "home plan" proposal. But Reaves remained in prison after the grant of parole, in part because he was not able to get his proposals approved. Without a home plan, CCC placement, and thus actual release on parole, was difficult.

Frustrated by his continued incarceration in light of the positive parole decision, Reaves pursued various remedies in an attempt to secure a faster release. Significantly, he brought suit in Pennsylvania's Commonwealth Court, alleging that the parole conditions imposed upon him violated his constitutional rights under the Ex Post Facto Clause, the Eighth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. Reaves maintained that the use of certain sex-offense-related conditions of release—for example, a requirement that any home-plan residence be located more than 1000 feet from certain sensitive locations, such as schools—impermissibly increased his punishment retroactively. The Commonwealth Court denied relief. See generally Reaves v. Pa. Bd. of Prob. & Parole, No. 96 M.D. 2011 (Pa. Commw. Ct. May 2, 2011) (unpublished per curiam order).

Reaves then turned to the federal courts, petitioning in January 2012 for a writ of habeas corpus in the Eastern District of Pennsylvania (2:12-cv-00301). His petition raised four grounds: breach of plea contract, Ex Post Facto violations, Eighth Amendment violations, and Due Process/Equal Protection violations. Following

2

extensive discovery, a Magistrate Judge recommended that the petition be denied on the merits. See Reaves v. Wenerowicz, No. 12-301, 2012 U.S. Dist. LEXIS 177445, at *10-22 (E.D. Pa. June 28, 2012). In so doing, the Magistrate Judge examined certain documents submitted under seal by the respondents, and found them to "indicate that [Reaves's] home plans . . . were denied for reasons other than the 1000 foot requirement." See id. at *16.

The District Court overruled Reaves's objections and adopted the Magistrate Judge's Report while adding analysis of its own. Notably, the District Court "agree[d] with the Magistrate Judge that each [home-plan] denial was based on valid reasons other than the 1000 feet condition." Reaves v. Wenerowicz, No. 12-301, 2012 U.S. Dist. LEXIS 176501, at *5 (E.D. Pa. Dec. 13, 2012). With regard to Reaves's plea-breach claims, the Court observed that no plea agreement was available—and, in any event, "the Parole Board was not a party to the agreement." Id. at *7. Reaves's Due Process, Eighth Amendment, and Equal Protection claims were also held to be without merit. See id. at *8–11. Finally, after observing that the "Magistrate Judge did not . . . address [Reaves's] claim that the Parole Board's 1000 foot requirement for his Home Plans violated the Fair Housing Act," the District Court denied the claim because "the Parole Board rejected his Home Plans for reasons other than his race, color, religion, sex, familial status, or national origin." Id. at *12 (citing 42 U.S.C. § 3604; internal quotation marks omitted).

Reaves timely appealed from the District Court's judgment and sought a certificate of appealability. We granted a certificate of appealability as to one issue,

3

whether the preconditions to his release on parole were being applied to him in violation of his constitutional rights; we otherwise denied his application. See Reaves v. Dist. Att'y of Phila., C.A. No. 12-4605 (order entered Aug. 1, 2013). While the matter was pending, Reaves was released on parole. In light of his release, the appellees in that case moved to dismiss his case. We granted the motion and dismissed the appeal as moot. See Reaves v. Dist. Att'y of Phila., C.A. No. 12-4605 (order entered May 20, 2014).

Previously, shortly after the Magistrate Judge's Report was issued in his habeas case—but before it was adopted—Reaves filed an in forma pauperis pro se civil suit (also in the Eastern District, but assigned to a different District Judge) premised on the same causes of action. In his amended complaint, he asserted breach of contract, Ex Post Facto, Eighth Amendment, Due Process/Equal Protection, and Fair Housing Act claims (the constitutional violations were channeled through 42 U.S.C. § 1983). The named defendants were various employees or agents of the Pennsylvania Board of Probation and Parole, as well as the Board itself. Reaves acknowledged that he had "filed another lawsuit[] dealing with the same facts involved in this action in a[ previous] Habeas Corpus [petition]." Am. Compl. ¶ 51, ECF No. 006.

After amending his complaint, Reaves asked the District Court to grant "a temporary restraining order and/or preliminary injunction directing the Defendants to adhere to the proper administrative regulations . . . and stop enforcing the amended statute that is not applicable" to him. See Mot., ECF No. 017. The District Court declined to enjoin the Defendants, and Reaves appealed its order.

4

The Defendants moved to dismiss the complaint, arguing, among other things, that the new lawsuit was subject to the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477 (1994).  The District Court agreed and granted the motion to dismiss, holding that Reaves's claims were barred both by Heck and the doctrine of res judicata; the Court separately denied several outstanding motions (for appointment of counsel and for leave to further amend the complaint) as moot.[1]  Reaves again timely sought our review.  His two pending appeals—of the denial of injunctive relief and of the final judgment—have

---

[1] Perhaps because the habeas proceedings were still pending at the time, the defendants did not raise res judicata or other preclusion doctrines in their motion to dismiss.  Rather, the District Court appears to have raised the issue of preclusion sua sponte after Reaves's habeas petition was denied on December 13, 2012.  We have suggested that sua sponte consideration of preclusion can be appropriate in certain circumstances.  See United States v. 5 Unlabeled Boxes, 572 F.3d 169, 175 (3d Cir. 2009) (citing Arizona v. California, 530 U.S. 392, 412 (2000)); see also Scherer v. Equitable Life Assur. Soc'y of the U.S., 347 F.3d 394, 400 (2d Cir. 2003).  And, in general, the District Court may invoke an affirmative defense via its Prison Litigation Reform Act screening responsibilities (e.g., 28 U.S.C. § 1915(e)(2)(B)) if the defense or defect is plain.  See, e.g., Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir. 2002); see also Logan v. Moyer, 898 F.2d 356, 357 (3d Cir. 1990) (remanding because of difficulty in determining whether sua sponte dismissal on the basis of issue preclusion was correct based on an incomplete record); cf. Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. Pa. 2002) (discussing the failure to exhaust administrative remedies); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (discussing statute of limitations dismissals under Fed. R. Civ. P. 12(b)(6)).

As all parties appear to concede that the issues presented here are identical to those raised before, and because the same District Court adjudicated both matters, cf. Gleash, 308 F.3d at 760, sua sponte action was proper.  And, under the circumstances, the District Court's failure to give Reaves an "opportunity to be heard on the issue" does not affect the propriety of its decision.  See Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1055 & n.6 (9th Cir. 2005).

been consolidated for disposition.

We first consider our jurisdiction. To the extent that Reaves appeals from the order denying an injunction relating to the application of statutes or regulations that allegedly prevented his release on parole, his appeal is moot. A federal court may not give opinions on moot questions or declare rules of law which cannot affect the matter at issue in the case before it. See Church of Scientology v. United States, 506 U.S. 9, 12 (1992). Therefore, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed." See id. (citation omitted); see also Gen. Elec. Co. v. Cathcart, 980 F.2d 927, 934 (3d Cir. 1992) ("'Generally, an appeal will be dismissed as moot when events occur during [its] pendency . . . which prevent the appellate court from granting any effective relief.'"). While this matter was pending, Reaves was released on parole; if the defendants were administering statutes or regulations in such a way as to prevent his release, they are no longer. Accordingly, we will dismiss Reaves's appeal to the extent it relates to the order denying injunctive relief.

Otherwise, we have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of an order dismissing a complaint under Fed. R. Civ. P. 12(b)(6) or the screening function of the Prison Litigation Reform Act is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394 (3d Cir. 1991). We may affirm the District Court on any basis supported by the record, and we will take summary action if this appeal does not present a substantial question. See

Murray v. Bledsoe, 650 F.3d 246, 247-48 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

As Reaves himself acknowledges, he raised the same claims in his habeas corpus petition that he invokes in this civil suit. Doctrines of preclusion limit a party's ability to raise claims or issues that either were or could have been litigated in a prior action:

> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979) (citation omitted); see also Graff Furnace Co. v. Scranton Coal Co., 266 F. 798, 801–02 (3d Cir. 1920). "[T]he modern nomenclature for these two doctrines is 'claim preclusion' and 'issue preclusion,' respectively." E. Pilots Merger Comm. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.), 279 F.3d 226, 232 (3d Cir. 2002). "Finality is an essential component of" both claim and issue preclusion, see J.R. Clearwater v. Ashland Chem. Co., 93 F.3d 176, 179 (5th Cir. 1996), but "the finality requirement is less stringent for issue preclusion than for claim preclusion." Christo v. Padgett, 223 F.3d 1324, 1339 (11th Cir. 2000). Also, issue preclusion has less-demanding party parity requirements. See Peloro v. United States, 488 F.3d 163, 175 (3d Cir. 2007) ("Under the modern doctrine of non-mutual issue preclusion . . . a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary."). Under the

7

circumstances, including the different defendants in the two actions, we think that issue preclusion, rather than claim preclusion, should govern our analysis. See Prusky v. ReliaStar Life Ins. Co., 532 F.3d 252, 265 (3d Cir. 2008); see also Restatement (Second) of Judgments § 26(1)(c) cmt. c (discussing "formal barriers" to presenting "theories of recovery or demands for relief" in prior actions).

Thus, we must determine whether the prerequisites of issue preclusion are satisfied. The doctrine acts to prevent relitigation when "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231–32 (3d Cir. 1995) (alterations in original, quotation marks and citation omitted). While preclusion generally does not bar claims asserted within habeas proceedings, a "prior federal habeas decision may have preclusive effect in a [civil rights] action." Hawkins v. Risley, 984 F.2d 321, 323 & n.4 (9th Cir. 1993); see also Heirens v. Mizell, 729 F.2d 449, 456 (7th Cir. 1984).

It is clear that Reaves's constitutional claims, as well as the separate factual issues underlying the same, were fully and actually litigated in the prior habeas corpus action. The District Court explained why none of the complained-of conduct violated Reaves's rights under the Ex Post Facto Clause, the Eighth Amendment, or the Fourteenth Amendment. In the process, it determined that the "1000 feet" requirement was not

8

actually the rationale behind the denial of the home plans[2] and that Reaves had failed to

show how the plea agreement was breached.  Reaves cannot relitigate these issues.

Therefore, with regard to the constitutional claims, we hold that the prior habeas

litigation adequately addressed them and possesses a sufficient degree of finality to have

a preclusive effect on this suit.

Reaves also raised a Fair Housing Act claim in his original habeas petition.  The

District Court's ultimate disposition of this claim was arguably not "essential" to its

habeas judgment, as the provisions of the Fair Housing Act may not be cognizable under

28 U.S.C. § 2254.  See, e.g., Cross v. Cunningham, 87 F.3d 586, 587 (1st Cir. 1996).  But

the District Court also concluded that Reaves's home plans were rejected for reasons

other than those enumerated in the statute, and this intermediate ruling should be given

preclusive effect.  Thus, the Fair Housing Act claim fails for substantially the same

reasons as stated in the District Court's habeas decision.

For the foregoing reasons, we conclude that relitigation of the claims in this civil

suit, which were raised in Reaves's habeas corpus petition, is functionally barred by the

doctrine of issue preclusion—a defect that amendment of the complaint could not cure.

Accordingly we will summarily affirm the District Court's ruling dismissing Reaves's

---

[2] We are privy to the same sealed documents that the District Court consulted in reaching its conclusion, and we agree with its reading of the record.

complaint.[3]  As we noted above, the appeal of the order denying injunctive relief is dismissed for lack of jurisdiction.

---

[3] We need not reach the operation of <u>Heck</u>, which is not a jurisdictional rule and may be bypassed.  <u>See</u> <u>Polzin v. Gage</u>, 636 F.3d 834, 837–38 (7th Cir. 2011); <u>Jiron v. City of Lakewood</u>, 392 F.3d 410, 413 n.1 (10th Cir. 2004).